STEPHEN NEWTON, Jun., executor &c. of Lewis Stanley, deceased, *v.* JAMES STANLEY 2d, and others.

A testator, by his will, gave to two of his sons, L. and S., absolutely, the respective sums of $250 and $400; and J., another son, being indebted to the testator, in the sum of $1000, secured by a mortgage, he directed J. to pay those legacies to his brothers, from the mortgage fund, and bequeathed to him the balance thereof.

*Held,* that the legacies to L. and S. were not specific, but general, the testator merely pointing out the fund from which they were to be satisfied; and that the estate of the testator was absolutely liable for their payment.

*Held, also,* that the executor, being liable to L. and S. for the amount of their legacies, respectively, could maintain an action to foreclose the mortgage of J. for the benefit of the estate.

APPEAL from a judgment of the Supreme Court. The action was brought to foreclose a mortgage executed by the defendant Stanley to Lewis Stanley, deceased, on the 9th of July, 1851, to secure the payment of the sum of $1000, in ten equal annual payments, with interest at five per cent per annum, the first payment to be made on the 1st of April, 1852. The whole of the principal sum of $1000, and interest thereon from April 1, 1852, except the sum of $80 paid on the 28th of June, 1856, was claimed to be due and unpaid; and it was not denied by the defendant.

It was admitted, on the trial, that the defendant Stanley executed and delivered to Lewis Stanley, deceased, the mortgage set out in the plaintiff's complaint, as therein alleged; and that after the execution and delivery of the mortgage, and on the 30th of April, 1857, Lewis Stanley died, leaving a last will and testament, which had been duly proved and admitted to probate and letters testamentary thereon duly issued, on the 28th of October, 1857, to the plaintiff, who was named as executor in such will. The will was received, and read in evidence; and the sixth, seventh and eighth clauses thereof are as follows:

"*Sixth.* I give and bequeath to my son Lewis H. Stanley the sum of two hundred and fifty dollars.

*Seventh.* I give and bequeath to my son Solomon Stanley the sum of four hundred dollars.

*Eighth.* I hereby direct my son James Stanley [the defendant] to pay the aforesaid sum of two hundred and fifty dollars to Lewis H. Stanley, and the aforesaid sum of four hundred dollars to Solomon Stanley, from the moneys due and to become due to me from him, the said James; and the said Lewis and Solomon are hereby authorized to collect and receive the same, with the interest, and at the rate and times the same shall become due from said James to me; and the balance of said debt owing to me by said James Stanley I hereby give and bequeath to him, the said James, forever."

This was all the evidence given. The defendants' counsel then moved that the complaint be dismissed, and the plaintiff nonsuited, for the following reasons:

First. That the sixth, seventh and eighth items or provisions of the will entirely disposed of the mortgage in question, and charged the defendant James Stanley 2d, who is the mortgagor, personally with the payment of the two specific legacies which were directed to be paid out of the moneys secured by said mortgage, and the balance of said mortgage given to the defendant.

Second. There is no allegation or proof, on the part of the plaintiff, showing that there was not sufficient assets, over and above the legacies, to pay the debts, nor that the defendant James Stanley has not complied with the directions given him in the eighth provision of said will.

Third. The will directs the defendant Stanley to pay, and authorizes the legatees to collect and recover from him, the legacies named in the sixth and seventh provisions of said will, which deprives the executor of any right, interest or control over the moneys secured by said mortgage.

The court refused the motion for a nonsuit; to which ruling and decision the defendant excepted.

The judge at special term found the facts of the giving of the mortgage; the making of the will by Lewis Stanley, deceased, in his lifetime, containing the provisions above set forth; the death of Lewis Stanley on the 30th of April, 1857; the probate of the will, and the issuing of letters testamentary to the plaintiff, on the 28th of October, 1857, as sole acting executor of the will; that the defendant James Stanley 2d paid the interest on said mortgage, to Lewis Stanley, up to the 1st of April, 1856, and also the sum of $80 on the 28th of June, 1856; and that no other payment has been made on said mortgage; and that no set-off or counter-claim exists, in favor of the defendant James Stanley, against said mortgage, or any part thereof, except such as issues out of the bequest to him given by said will.

From these facts his conclusions of law were:

First. That the mortgage aforesaid is a lien upon the premises described therein, in the hands of the plaintiff, for the amount of $650 and interest thereon from October 28, 1858, and should be enforced to that extent; and that $650 is due thereon from said James Stanley 2d to the plaintiff, as such executor, with interest from said 28th October, 1858.

Second. That the said mortgage should not be enforced against the said premises, or against the defendant James Stanley 2d, for any further amount than the $650 and interest from October 28, 1858: no want of assets to pay the debts of said Lewis Stanley, deceased, being alleged or proved in this action.

He therefore directed the usual decree for a foreclosure and sale of the mortgaged premises, for the amount of $725.85, (being the said sum of $650 and interest thereon from October 28, 1858, to the date of the decision,) and interest thereon from this date, and the costs of the action to be taxed; with a decree over against the said James Stanley 2d for any deficiency. The defendant Stanley excepted to each and every part of the conclusions of law. Judgment being entered, the

defendant Stanley appealed to the general term, where the same was affirmed. He then appealed to this court.

*James Stanley*, in person.

*J. T. Fairchild*, for the respondent.

WRIGHT, J. The appellant has no reason to complain of the disposition of the case in the court below. The judgment was more favorable to him than he had any legal right to expect; being only for that part of the mortgage debt not forgiven him by the will of his father. It was neither alleged nor proved by the defendant that the whole moneys due upon the mortgage were not required to pay the creditors of the testator. It was not for the executor to show affirmatively a deficiency of assets, to entitle him to maintain the action.

In any view of the case, the defendant was not in a situation to contest the right of the executor to take proceedings to collect the debt. Whatever may have been the relative rights of the executor and the legatees, Lewis H. and Solomon Stanley, in respect to the mortgage, under the will of Lewis Stanley, the legatees were not questioning the right of the executor to foreclose the mortgage. The defendant could raise no question, except, perhaps, in relation to that part of the mortgage debt which was given to him; and not even that, if there was a want of assets to pay the creditors of the testator.

The personal estate of Lewis Stanley (including the mortgage debt) vested in the executor from the moment of his death. He had absolute control over all of it, including that specifically bequeathed, and the power to sell and dispose of the same for the payment of debts. The executor alone could foreclose the mortgage, or take proceedings for its collection. The direction in the eighth clause of the testator's will, to the defendant to pay to Lewis and Solomon Stanley their respec-

tive legacies from moneys secured by his mortgage, and the authority to the legatees to collect and recover the same from him, could not control the action of the testator's representative in collecting and administering the assets of the estate. Nor is it claimed that any such effect would result from the provision, unless the bequests to the Stanleys are specific bequests of the debt, or the mortgage. If they are general legacies, the executor would be bound to pay them ; and having the legal title, and the defendant being indebted upon the mortgage, his right to recover can not be questioned.

There is no ground for alleging that the legacies to Lewis H. Stanley and Solomon Stanley are specific. They are not bequests of the mortgage, or of the debt secured thereby, or of any portion thereof. The testator bequeaths to them two several sums of money absolutely ; and the subsequent provision for their payment is demonstrative only. They are general legacies, the testator pointing out the fund to satisfy them, and not bequests of a specific debt. Had the defendant fully paid the mortgage, to the testator, in his lifetime, the legacies would not have been adeemed by such payment; which would have been the case, if the bequests had been, in terms, of portions of the mortgage debt.

The intention of the testator is apparent. By the sixth and seventh clauses of his will, he gives to two of his sons, absolutely, the respective sums of $250 and $400. The defendant, another of his sons, is indebted to him over $1000, secured by the mortgage in question. He directs the defendant to pay the legacies to his brothers from the mortgage fund, and bequeaths to him the balance thereof. There is no indication of an intent that the legacies to Lewis and Solomon should fail, if for any reason the defendant refused to obey the direction, or the particular fund pointed out for satisfying them should, from any cause, prove inadequate. The only legal effect of the eighth clause of the will is a bequest to the defendant of the balance of his debt. Courts are not inclined to hold a legacy to be specific rather than

general, unless its terms clearly require such a construction. There is nothing in the terms of the bequests to Lewis and Solomon Stanley, or in the entire will of their father, requiring us to construe them as specific; but on the contrary they are general bequests of money, and the estate of the testator is absolutely liable for their payment. (*Walton* v. *Walton,* 7 John. Ch. 262; *Roberts* v. *Pocock,* 4 Ves. 150; *Kerty* v. *Potter,* Id. 750; *Deane* v. *Test,* 9 id. 146; *Coleman* v. *Coleman,* 2 id. 639; *Tifft* v. *Porter,* 4 Seld. 516.)

The legacies being pecuniary and not specific, the legatees could not recover them upon the mortgage. Nor could they recover them from the defendant in an action of assumpsit, as he has never consented to the provision made for him in the will, or promised to pay them. There is no privity between Lewis and Solomon and the defendant, upon which the former could recover. But they have not sought to collect the legacies from the defendant, but look to the executor for their payment. The defendant can not suffer by paying his debt to the executor. Indeed he could pay it to no one else, safely.

The judgment of the Supreme Court should be *affirmed.*

All the Judges concurring,

                      Judgment affirmed.