WILLIAM COLE, as one of the Executors and Trustees of the Trusts Created in and by the Last Will and Testament of CLARISSA F. PRINCE, Deceased Respondent, *v.* CHARLES E. FROST, Individually and as One of the Executors and Trustees of the Trusts Created by the Said Will, and THOMAS E. SIMMONS, THE METHODIST EPISCOPAL HOSPITAL, in the City of Brooklyn, Appellants, and HARRIET A. DOTY and Others, Respondents.

*To what corporations a devise or bequest is void, if not made at least two months before the death of the testator — section 6 of chapter 319 of 1848.*

The provision contained in section 6 of chapter 319 of 1848, providing for the incorporation of benevolent, charitable, scientific and missionary societies, which declares "that no such devise or bequest shall be valid in any will which shall not have been made and executed at least two months before the death of the testator," is not applicable to a corporation created under chapter 404 of 1881, section 7 of which provides that "the said corporation are authorized to take by purchase, devise, bequest or otherwise, and may hold, transfer and convey, for the purposes of said hospital, any real and personal property so far forth as the same is in accordance *with the general laws of this State, and not otherwise.*"

*Held,* that the provisions in the act (chap. 404 of 1881) had no special reference to wills, but had regard to the general powers and restrictions concerning the taking, holding and managing of property by all corporations.

The legislature did not intend the restriction in the Laws of 1848 to be a general law, and it does not apply to corporations created previous to the passing of that statute, or to corporations organized under other acts passed since 1848, except so far as the restriction has been made applicable to such corporations by their respective charters.

*Stephenson* v. *Short* (92 N. Y., 433); *Kerr* v. *Dougherty* (79 id., 352) distinguished.

Appeal by the defendants Charles E. Frost, Thomas E. Simmons and the Methodist Episcopal Hospital, in the city of Brooklyn, from a judgment entered in the office of the clerk of Kings county on October 31, 1888, after a trial of the action at a Special Term, held in the city of Brooklyn on the 31st day of October, 1888, by the court without a jury.

Clarissa F. Prince died at Brooklyn on the 28th day of October, 1885, leaving a last will and testament and a codicil. The will was dated on October 19, 1885, nine days before her death. The codicil, which was dated October 23, 1885, five days before her death, pro-

vided as follows: " First. I hereby except from any distributive share of my estate Julia C. Farrier (one of her heirs-at-law and next of kin), who is to receive no part or portion of my estate, and the share or portion which would have gone to her by my said annexed will I give and bequeath to the Seney Hospital of Brooklyn."

*P. V. R. Stanton,* for the appellants Frost and Simmons.

*G. G. & F. Reynolds,* for the Methodist Episcopal Hospital.

*James & Thomas H. Troy,* for the plaintiff, respondent.

PRATT, J.:

The questions in this case are fully discussed in the opinion rendered at Special Term, in which we concur with a single exception, to wit, that part that holds that the legacy to the Seney Hospital is illegal and void.

The hospital charter, which was granted in 1881, contains these words: " The said corporation are authorized to take by purchase, devise, bequest or otherwise, and may hold, transfer and convey for the purposes of said hospital, any real and personal property, so far forth as the same is in accordance with the general laws of this State, and not otherwise," and the question, therefore, is whether the restriction contained in section 6 of chapter 319 of the Laws of 1848 is applicable to this case; or, in other words, whether the said statute of 1848 is a general law of the State. The plaintiff claims that it is a general law because it applies to the whole State, and to every inhabitant thereof; also to every benevolent, charitable and missionary society. It does apply to the whole State, but it does not apply to corporations created previously to the passing of that statute, neither does it affect corporations organized under other acts passed since 1848, except so far as the restriction has been made applicable in the respective charters. It must now be regarded as settled law that all corporations, not subjected in terms to the restrictions of that act, may take under wills as if no such act existed. I cannot find that the precise language used in this will has been finally adjudicated in reference to the application of the restriction contained in the act of 1848. In the case of *Stephenson* v. *Short* (92 N. Y., 433), it was held that a charter containing the words " subject to the provisions of law relating to bequests and devises to religious societies,"

580 COLE v. FROST.

was within the .restriction, but it will be observed that this is a widely different expression from the one contained in defendant's charter, "subject to the general laws of the State," etc. The act of 1848 is a "provision of law relating to bequests and devises," but it does not follow that it is a *general* law, and it is only to *general* law and not to all *provisions* of law that the defendant is subjected.

The case of *Kerr* v. *Dougherty* (79 N. Y., 352), was similar in principle, the words of the charter being " to take *subject* to existing laws," and as amended (chap. 129 of 1870) "to take and hold by gift, grant or devise, or otherwise, subject to all the provisions of law relating to devises and bequests by last will and testament." This case was held to come under the restriction. The legislature never intended the restriction in law of 1848 to be a general law, if it had, language would have been used to effectuate such a purpose. The restriction was only to such corporations as were organized under that act. Had the language been that no religious or benevolent corporation in this State shall hereafter take, etc., under a will made within two months prior to the death of the testator, the intent would have been plain. An instance of such intent to make a general law is manifested in the act of 1860 (chap. 360), and it is to such general laws that the language of defendant's charter has reference. The *prohibition* in the defendant's charter (as the plaintiff terms it) has no special reference to wills, but has regard to the general powers and restrictions concerning the taking, holding and management of property by all corporations. There are many general laws of the State relating to corporations and the management of their affairs and property, and many laws relative to wills, and it was to these laws the defendant's charter was made subject, and only those. The act of 1848 being specific and relating only to corporations organized under it, the restriction does not apply to defendant's charter. The act of 1848 should not be strained to cover cases that do not fairly fall under its terms. When the legislature intends to make a special charter, subject to the two-months limitation contained in the act of 1848, it is fair to presume that it will use appropriate language to accomplish that result, when it fails to do so it is not within the province of the courts to extend such limitation over it.

It seems to us that in no sense is the law of 1848 a general law,

except that it furnishes a general scheme for the promotion of benevolent and religious corporations, and upon all such as are formed under it the restriction applies and to none others. The case of *Hollis* v. *Drew Theological Seminary*, in its reasoning, seems to point to this result, and we think it decisive of this point.

The judgment of the Special Term must, therefore, be modified so far as it declares the bequest to the Seney Hospital of no effect, by holding that the same is valid, and after such modification the judgment affirmed, with costs to be paid out of the estate.

DYKMAN, J., concurred ; BARNARD, P. J., not sitting.

Judgment modified so as to uphold the bequests to Seney Hospital, otherwise affirmed, with costs out of the estate.