(31 Misc. Rep. 10.)

MULVEY v. REILLY et al.

(Supreme Court, Special Term, New York County.    March, 1900.)

1. EXECUTOR—FAILURE TO FORECLOSE MORTGAGE—LEGATEE—REMEDY.
While the primary right to foreclose a mortgage which is an asset of the estate is in the executor, a legatee entitled to the security is not confined to a proceeding to oust the executor for failure to foreclose, but may herself institute foreclosure on the executor's refusal to do so.

2. SAME—ANNUITY—RESIDUARY LEGATEE—FORECLOSURE—INTEREST.
The interest of a residuary legatee in a mortgage security, an asset of the estate, after an annuity is discharged therefrom, is a vested one, despite the contingency that the annuity may in fact absorb the entire asset, and is sufficient to enable such legatee to maintain foreclosure proceedings on the executor's refusal to do so.

3. SAME—DEMAND FOR FORECLOSURE—EXECUTOR'S CONDUCT—EFFECT.
Where an executor, by his neglect to foreclose a mortgage which is an asset of the estate, treats it as invalid, and, when it is sought to compel him to foreclose, pleads such invalidity, and renews the plea when made

defendant in foreclosure proceedings instituted by a legatee of the mortgage security, and testifies that he did not at any time contemplate foreclosing, a formal demand on the executor to foreclose is not a necessary prerequisite to the maintenance of the legatee's action.

4. SAME—PROCEEDINGS TO OUST EXECUTOR—PENDENCY—EFFECT.

Pendency of proceedings for the removal of an executor for neglect to foreclose a mortgage which is an asset of the estate is not a bar to foreclosure proceedings instituted by a legatee entitled to the mortgage security.

Suit by Mary F. Mulvey against Charles H. Reilly, as sole surviving executor and trustee of Thomas O'Reilly, deceased, and others, to foreclose a mortgage. Judgment for plaintiff.

Fernando Solinger, for plaintiff.
Henry Daily, for defendants Reilly and others.
William C. Wilson, for defendant Mary Gray.

LEVENTRITT, J. The defendants rely on two grounds to defeat the foreclosure of the mortgage in suit: First, that there was want of consideration; and, secondly, that the plaintiff was not the proper party to institute the action. On the 16th day of February, 1888, Thomas O'Reilly, the father of the plaintiff, purchased for the sum of $7,275 a piece of property, and took a deed in the name of his son, the defendant Thomas J. Reilly, who at the same time executed and delivered to him a mortgage thereon in the sum of $7,000, maturing in five years, with interest, at 6 per cent., payable semiannually. That mortgage is the subject of this litigation. Thomas O'Reilly, the mortgagee, died on the 11th day of December, 1889, leaving a last will and testament, made before the purchase of the property, and a codicil made after, by which he nominated his son, the defendant Charles H. Reilly, and his daughter Anna H. De Noielle, as his executors. Before the commencement of this action Anna H. De Noielle died, leaving the defendant Charles H. Reilly as the sole surviving executor. The first clause of the codicil, after directing that the sum of $15 should be paid by the executors monthly to his niece, the defendant Mary Gray, during her natural life, and that a suitable burial should be provided on her decease, continues:

"And, for the purpose of carrying out these provisions for the benefit of my said niece, I do hereby charge the same upon the bond and mortgage for $7,000 heretofore made to me by Thomas J. Reilly;   *   *   *   and I do hereby give, devise, and bequeath to my executors the said bond and mortgage, as trustees, for the uses and purposes aforesaid."

The concluding clause of the codicil reads:

"All the rest, residue, and remainder of my estate, both real and personal, I give, devise, and bequeath to my said daughter Mary T. Reilly, to have and to hold the same to her use and benefit forever."

Mary T. Reilly is the plaintiff in this action, having become Mary T. Mulvey by marriage. The mortgage in question is in the possession of Charles H. Reilly, as executor and trustee. It was not foreclosed at maturity. No effort has been made to collect any interest. No taxes have been paid for a period of ten years. There has been for four years default in water rates, and an assessment

of several years' standing remains unpaid. In fact, nothing has been done to enforce any conditon of the mortgage. The annuitant, Mary Gray, has, in the decade since her uncle's decease, received in all only the sum of $145. Although here made a defendant, she joins with the plaintiff, the residuary legatee, in praying a foreclosure; asking merely that her rights be recognized in the disposition of the proceeds. The plaintiff, prior to the commencement of this action, instituted proceedings in the surrogate's court for the removal of the defendant Charles H. Reilly as executor and trustee; assigning as a ground, among others, his failure to bring an action to foreclose the mortgage in question.

Answering the petition, the defendant Charles H. Reilly set up as a defense that the bond and mortgage were without consideration, and were never intended as binding instruments. That defense was again pleaded in this action, both by the executor and his brother, the mortgagor. It has, however, not been sustained. The uncertain testimony of the mortgagor, and of the alleged admissions of the mortgagee, intimating that the latter intended to give the property free and clear in return for services performed by the mortgagor, is in itself inconclusive, and, to my mind, completely overborne by the recitals in the mortgage and the directions in the codicil, by which it clearly appears that the mortgagee regarded it as an enforceable lien.

Nor is there merit in the second defense. The contention is that only the defendant Charles H. Reilly, in his representative capacity, could maintain foreclosure proceedings, and that on his default the plaintiff's remedy was to apply for his removal and the substitution of a new trustee, upon whom would devolve the right and duty to bring the action, and, further, that in no event, even conceding that the plaintiff could maintain the action, would her right accrue until demand made upon defendant Charles H. Reilly, and refusal by him. Three persons, only, have any interest in this mortgage,—the executor and trustee in his representative capacity, the annuitant, and the plaintiff as residuary legatee. Primarily the right to bring the action is in the executor. Newton v. Stanley, 28 N. Y. 61; Robinson v. Brower, 10 N. Y. Supp. 854. But the rule has long been recognized that where the personal representative, upon a proper application for that purpose, refuses to proceed to foreclose the mortgage for the benefit of the legatees who are interested therein, they may themselves bring the action, upon showing their respective rights in the mortgage. Lawrence v. Lawrence, 3 Barb. Ch. 71, 75. The plaintiff has, I think, such an interest as will entitle her, upon the executor's default, to bring the suit. Her interest is a vested one. Even conceding the very improbable hypothesis advanced by the defendant Charles H. Reilly, that the monthly payments and the burial expenses might consume principal as well as income, so that the residuary legatee would ultimately receive nothing, the character of the estate in her is not altered. Mere uncertainty of enjoyment will not render the estate a contingent one. The gift to the plaintiff is immediate, not future. She has a present capacity to take, and, should the annuitant die to-morrow, the trust estate in

the executor would forthwith terminate, and the title to the mortgage be in her. There is no uncertainty as to the vesting of the right to the estate. The time of enjoyment is merely deferred. Its value may prove to be large or small; but it is the present, fixed, certain right to that value, however it may eventuate, that determines the estate as vested. Fearne, Rem. § 216; Tied. Real Prop. § 401; Everitt v. Everitt, 29 N. Y. 67; Goebel v. Wolf, 113 N. Y. 405, 412, 21 N. E. 388. Her interest, then, being vested, she would have been a necessary party to the foreclosure action, had it been instituted by the executor. Story, Eq. Pl. § 144; Townshend v. Frommer, 125 N. Y. 446, 468, 26 N. E. 805. Leaving the executor out of consideration, only she and the annuitant could bring the action to foreclose, as only their acquittances to the mortgagor would be required to discharge the mortgage debt. Thom. Mortg. § 719. Being a necessary party defendant, she would be a proper party plaintiff upon the executor's refusal to proceed, or under circumstances tantamount to a refusal. I am of the opinion that such circumstances exist in this case. The attitude of the executor both before the surrogate and before me, where he acted in concert with the mortgagor in the latter's efforts to defeat the security, clearly indicates, not only the futility of a demand upon him to foreclose, but also the inadvisability of intrusting the conservation of this asset of the trust estate to him. Although retaining possession of the mortgage, he has, by his failure to enforce payment of either principal or interest, and by suffering the accumulation of taxes, assessments, and water rates, treated it as invalid. The effect of his testimony before me was that he did not at any time contemplate foreclosure. Under such circumstances, equity will not require the empty formality of a demand as a preliminary to an accrual of a right of action in the plaintiff. Bate v. Graham, 11 N. Y. 237; Harvey v. McDonnell, 113 N. Y. 526, 21 N. E. 695; Phosphate Co. v. Brown, 20 C. C. A. 428, 74 Fed. 321.

The pendency of proceedings before the surrogate for the removal of the executor and trustee is no bar to this action, and does not affect the plaintiff's right to maintain it. In re Moulton's Estate (Sup.) 10 N. Y. Supp. 717. It is to be observed that decreeing foreclosure, and directing that the proceeds be brought into court, and thence deposited with some reliable trust company subject to the trust contained in the will of Thomas O'Reilly, and until the further order of the court, will protect the rights of all parties concerned. Both the plaintiff and the defendant Mary Gray, the annuitant, pray for this disposition of the cause, and the trustee, having been made a party defendant, is fully protected. The trust itself is being preserved, not extinguished, and the waste of its corpus terminated. There should be judgment for the plaintiff.

Judgment for plaintiff.