PRITCHARD v. KIRSCH et al.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

CHARITIES—DEVISE—RIGHT TO TAKE—STATUTES.

Laws 1848, c. 319, § 6, provides that any corporation organized thereunder may take, hold, and receive any property by virtue of any devise or bequest in any will, but no such devise or bequest shall be valid unless contained in a will executed at least two months before the testator's death. Laws 1872, c. 197, creating the Society of St. Vincent de Paul, authorized the corporation to take real and personal property by devise or bequest, "subject to the limitations prescribed by law." *Held*, in a proceeding to construe a will made within two months of the testatrix's death, whereby a legacy was bequeathed to the Society of St. Vincent de Paul, that the clause "subject to the limitations prescribed by law" should not be construed as including the provisions of Laws 1848, c. 319, § 6, and hence the legacy to the society was valid.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Proceeding by William B. Pritchard, as executor of the estate of Marie V. Hunt, deceased, against Barbara I. Kirsch and others, for the construction of a will. From an adverse decree the Society of St. Vincent de Paul, a beneficiary under the will, appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Michael J. Scanlan, for appellant.
John R. Abney, for respondent William R. Pritchard.
Louis Strucke, for respondent Barbara I. Kirsch.

O'BRIEN, J. The only question upon this appeal is whether the Society of St. Vincent de Paul is subject to section 6, c. 319, of the Laws of 1848, which reads as follows:

"Any corporation formed under this act shall be capable of taking, holding, or receiving any property real or personal by virtue of any devise or bequest contained in any last will or testament, * * * and no such devise or bequest shall be valid in any will which shall not have been made and executed at least two months before the death of the testator."

The provision, it will be noted, is aimed expressly against corporations "formed under this act," and it in no sense restricts the right of a testator to give his property to such corporation as he may think best. In other words, in reading this section the distinction must be observed between the right of persons to give, and the right of the corporations to take. As said in Hollis v. Seminary, 95 N. Y. 166 (headnote):

"Gifts to charitable, benevolent, scientific, or educational institutions are not against public policy; and there is no public policy outside of the statutes which condemns testamentary gifts to such institutions, although contained

in a will executed within two months of the testator's death. The provision
of the act of 1848 (section 6, c. 319, Laws 1848) * * * applies only to
corporations organized under that act and the acts amendatory thereof."

It was accordingly held in that case (headnote)—

"That a gift in a will executed within two months of the testator's death to
a foreign scientific and educational corporation, which was empowered to
take such gift by the law of the state where it was chartered, was valid."

Subsequent to this decision the legislature undertook the revision
of the general laws of the state by the enactment in 1891 of the gen-
eral corporation law, and thereafter, in 1895, enacted the membership
corporation law, and in the latter repealed all of the act of 1848 ex-
cepting section 6. The question of how far section 6, thus still un-
repealed, affected foreign corporations, was directly presented in Re
Lampson's Will, 161 N. Y. 511, 56 N. E. 9, wherein it was contended
that this section had become a part of the general law and affected
all corporations; and in discussing this point the court said:

"The effect of excepting section 6 from repeal was not to incorporate it as a
part of the membership corporation law, or to give it a more extended applica-
tion than it originally had, but to preserve it upon the statute book in its
application to corporations formed under the act of which it was a part. Its
very language indicates that; for it refers to 'any corporation formed under
this act,' and that can only mean the act of 1848."

In that case, also, attention was called to the general corporation law
of 1892, which provided that every corporation has power, though not
specified in the law of its incorporation, to acquire by devise or be-
quest such property as the purposes of the corporation shall require,
"subject to such limitations as may be prescribed by law." These
words, "subject to such limitations as may be prescribed by law,"
which were construed in that case, are important, as affecting the
construction to be given to almost similar words used in the charter
of the Society of St. Vincent de Paul. That society was created, not
under the act of 1848, but by special charter (chapter 197, Laws 1872),
and so much thereof as is pertinent to the present inquiry provides
that, among other powers, it may "take real and personal estate by
purchase, gift, devise or bequest subject to the limitations prescribed
by law." It is upon the construction to be given to this language,
"subject to the limitations prescribed by law," that the entire argu-
ment against the validity of the gift is based. These words, it is in-
sisted, make the corporation subject to section 6, c. 319, of the Laws
of 1848; and in support of this contention our attention is called to
the decisions of the court of appeals in Kerr v. Dougherty, 79 N. Y.
327, and Stevenson v. Short, 92 N. Y. 433. In those cases, how-
ever, the language employed was very different from that used in the
act incorporating this society. In Kerr v. Dougherty the words of
the charter were, "subject to all provisions of law relating to devises
and bequests by last will and testament." And in Stevenson v.
Short the words were, "subject to the provisions of law relating to
bequests and devises to religious societies." These cases, therefore,
we do not regard as authorities against the validity of the gifts here,
because the language used in the charters of the corporations in-

volved was specific and direct, subjecting the societies to certain laws, —particularly those "relating to devises and bequests by last will and testament." The Society of St. Vincent de Paul, as stated, was not formed under the act of 1848, but was created by special charter, and there is nothing therein which expressly subjects it to the restriction contained in section 6, c. 319, of the Laws of 1848. Apart, therefore, from the construction given in the Lampson Case, supra, to language almost similar to that used in its charter, "subject to the limitations prescribed by law,"—that corporations having such words in their charters were not within the purview of section 6 of the Laws of 1848,—there is a marked distinction between such language and that employed in Kerr v. Dougherty, supra, and kindred cases. What was said in Cole v. Frost, 51 Hun, 578, 4 N. Y. Supp. 308, affirmed in 117 N. Y. 656, 22 N. E. 1133, with reference to different words used in a charter, is equally applicable to the words used in the charter of the society which we are here considering. Therein it was said:

"The prohibition in the defendant's charter * * * has no special reference to wills, but has regard to the general powers and restrictions concerning the taking, holding, and management of property by all corporations. There are many general laws of the state relating to corporations and the management of their affairs and property, and many have relation to wills; and it was to these laws the defendant's charter was made subject, and only these. The act of 1848 being specific, and relating only to corporations organized under it, the restriction does not apply to defendant's charter. The act of 1848 should not be strained to cover cases that do not fairly fall under its terms. When the legislature intends to make a special charter, subject to the two-months limitation contained in the act of 1848, it is fair to presume that it will use appropriate language to accomplish that result. When it fails to do so, it is not within the province of the courts to extend such limitation over it."

Our conclusion is that it would be a strained and unnatural construction to give to the language employed in the charter of this society, to hold that by it the legislature intended to have the provision contained in section 6, c. 319, of the Laws of 1848 apply; and for that reason the appeal from so much of the judgment as holds that the bequest to the society is invalid should be reversed, and the society should have judgment declaring the bequest valid, with costs, to be paid out of the estate.

INGRAHAM, McLAUGHLIN, and HATCH, JJ., concur. VAN BRUNT, P. J., dissents.