WILLIAM B. PRITCHARD, as Executor, etc., of MARIE V. HUNT, Deceased, Respondent, v. BARBARA I. KIRSCH, Respondent, and SOCIETY OF ST. VINCENT DE PAUL, Appellant, Impleaded with VIRGINIA GRAY PRITCHARD and Others.

*Society of St. Vincent de Paul, incorporated under chapter 197 of the Laws of 1872 — a legacy to it is valid, although the will be executed within the " two months before the death of the testator."*

The Society of St. Vincent de Paul, a corporation organized under a special act (Laws of 1872, chap. 197), which empowers it to "take real and personal estate by purchase, gift, devise or bequest *subject to the limitations prescribed by law,*" is not subject to section 6 of chapter 319 of the Laws of 1848, which provides that no devise or bequest to "Any corporation formed under this act, * * * shall be valid in any will which shall not have been made and executed at. least two months before the death of the testator."

VAN BRUNT, P. J., dissented.

APPEAL by the defendant, the Society of St. Vincent de Paul of the city of New York, from so much of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of July, 1900, upon the decision of the court, rendered after a trial at the New York Special Term, as "ordered, adjudged and decreed that the legacy of fifteen hundred dollars given to the Society of St. Vincent de Paul for the benefit of the poor under paragraph twenty-first of said will is void and that the same be paid to Barbara I. Kirsch."

The action was brought for a judicial construction of the last will and testament of Marie V. Hunt.

*Michael J. Scanlan,* for the appellant.

*John R. Abney,* for the plaintiff, respondent.

*Louis Sturcke,* for the defendant, respondent.

O'BRIEN, J.:

The only question upon this appeal is whether the Society of St. Vincent de Paul is subject to section 6 of chapter 319 of the Laws of 1848, which reads as follows: "Any corporation formed under this act shall be capable of taking, holding or receiving any property, real or personal, by virtue of any devise or bequest contained in any

last will or testament, * * * and no such devise or bequest shall be valid in any will which shall not have been made and executed at least two months before the death of the testator."

The provision, it will be noted, is aimed expressly against corporations "formed under this act," and it in no sense restricts the right of a testator to give his property to such corporation as he may think best. In other words, in reading this section, the distinction must be observed between the right of persons to give and the right of the corporations to take. As said in *Hollis* v. *Drew Theological Seminary* (95 N. Y. 166, head note): " Gifts to charitable, benevolent, scientific or educational institutions are not against public policy, and there is no public policy outside of the statutes which condemns testamentary gifts to such institutions, although contained in a will executed within two months of the testator's death. The provision of the act of 1848 (§ 6, chap. 319, Laws of 1848) * * * applies only to corporations organized under that act and the acts amendatory thereof." It was accordingly held in that case (head note) " that a gift in a will executed within two months of the testator's death to a foreign scientific and educational corporation which was empowered to take such gift by the law of the State where it was chartered, was valid."

Subsequent to this decision the Legislature undertook the revision of the general laws of the State by the enactment in 1890 of the General Corporation Law (Chap. 563), and thereafter, in 1895, enacted the Membership Corporations Law (Chap. 559), and in the latter repealed all of the act of 1848 excepting section 6. The question of how far section 6, thus still unrepealed, affected foreign corporations, was directly presented in *Matter of Lampson* (161 N. Y. 511) wherein it was contended that this section had become a part of the general law and affected all corporations, and in discussing this point the court said: " The effect of excepting section six from repeal was not to incorporate it as a part of the Membership Corporation Law or to give to it a more extended application than it originally had, but to preserve it upon the statute book in its application to corporations formed under the act of which it was a part. Its very language indicates that; for it refers to ' any corporation formed under this act,' and that can only mean the act of 1848."

In that case also attention was called to the General Corporation Law of 1890 (§ 8, subd. 3, as amd. by Laws of 1892, chap. 687, § 11, subd. 3), which provided that every corporation has power.—though not specified in the law of its incorporation — to acquire by devise or bequest such property as the purposes of the corporation shall require, " subject to such limitations as may be prescribed by law." These words, " subject to such limitations as may be prescribed by law," which were construed in that case, are important as affecting the construction to be given to almost similar words used in the charter of the Society of St. Vincent de Paul. That society was created, not under the act of 1848, but by special charter (Laws of 1872, chap. 197), and so much thereof as is pertinent to the present inquiry provides that, among other powers, it may " take real and personal estate by purchase, gift, devise or bequest *subject to the limitations prescribed by law.*" It is upon the construction to be given to this language, " subject to the limitations prescribed by law," that the entire argument against the validity of the gift is based.

These words, it is insisted, make the corporation subject to section 6 of chapter 319 of the Laws of 1848; and in support of this contention our attention is called to the decisions of the Court of Appeals in *Kerr* v. *Dougherty* (79 N. Y. 327) and *Stephenson* v. *Short* (92 id. 433). In those cases, however, the language employed was very different from that used in the act incorporating this society. In *Kerr* v. *Dougherty* the words of the charter were, " subject to all the provisions of law relating to devises and bequests by last will and testament." And in *Stephenson* v. *Short* the words were, " subject to the provisions of law relating to bequests and devises to religious societies." These cases, therefore, we do not regard as authorities against the validity of the gifts here, because the language used in the charters of the corporations involved was specific and direct, subjecting the societies to certain laws, particularly those " relating to devises and bequests by last will and testament."

The Society of St. Vincent de Paul, as stated, was not formed under the act of 1848, but was created by special charter, and there is nothing therein which expressly subjects it to the restriction contained in section 6 of chapter 319 of the Laws of 1848. Apart,

therefore, from the construction given to the *Lampson Case (supra)* to language almost similar to that used in its charter, "subject to the limitations prescribed by law," that corporations having such words in their charters were not within the purview of section 6 of the Laws of 1848 — there is a marked distinction between such language and that employed in *Kerr* v. *Dougherty (supra)* and kindred cases. What was said in *Cole* v. *Frost* (51 Hun, 578; affd., 117 N. Y. 656) with reference to different words used in a charter, is equally applicable to the words used in the charter of the society which we are here considering. Therein it was said : " The prohibition in the defendant's charter   *   *   * has no special reference to wills, but has regard to the general powers and restrictions concerning the taking, holding and management of property by all corporations. There are many general laws of the State relating to corporations and the management of their affairs and property and many laws relative to wills, and it was to these laws the defendant's charter was made subject, and only those. The act of 1848 being specific and relating only to corporations organized under it, the restriction does not apply to defendant's charter. The act of 1848 should not be strained to cover cases that do not fairly fall under its terms. When the legislature intends to make a special charter, subject to the two-months' limitation contained in the act of 1848, it is fair to presume that it will use appropriate language to accomplish that result ; when it fails to do so it is not within the province of the courts to extend such limitation over it."

Our conclusion is that it would be a strained and unnatural construction to give to the language employed in the charter of this society, to hold that by it the Legislature intended to have the provision contained in section 6 of chapter 319 of the Laws of 1848 apply ; and for that reason the appeal from so much of the judgment as holds that the bequest to the society is invalid should be reversed, and the society should have judgment declaring the bequest valid, with costs to be paid out of the estate.

INGRAHAM, McLAUGHLIN and HATCH, JJ., concurred ; VAN BRUNT, P. J., dissented.

Judgment reversed and judgment ordered for the appellant, with costs to be paid out of the estate.