(36 Misc. Rep. 393.)

### SPENCER v. DE WITT C. HAY LIBRARY ASS'N OF TOWN OF CALDWELL et al.

(Supreme Court, Special Term, New York County. November, 1901.)

1. WILLS—DEVISE TO CORPORATION—VALIDITY.

Under Laws 1848, c. 319, § 6, and Laws 1875, c. 343, § 5, prohibiting corporations from taking devises or bequests made in wills executed less than two months before the death of the testator, a corporation organized under such acts was not entitled to a bequest, where the testator died within such period after executing the will containing the devise or bequest.

2. SAME—BEQUEST FOR CORPORATE PURPOSE.

Where a corporation was incorporated to cremate the human dead in the quickest, best, and most economical manner, and was authorized, to that end, to take property by devise or bequest, a bequest to such corporation, though unlimited, may be fairly implied to be a gift for its corporate purposes, and therefore valid.

3. SAME—RELIGIOUS AND EDUCATIONAL TRUSTS.

Under Laws 1893, c. 701, authorizing the creation of trusts for educational and religious purposes, a trust for the purpose of using the income to purchase books and works of art for the Pickering and White Library and Chime Tower, for the care and repair of the same, and to aid in playing the bells of the tower, which tower was a part of a church, was valid.

4. SAME.

Act 1848, c. 319, § 6, declaring that corporations shall not take by devise, where the testator died within two months after executing the will containing the same, does not apply to or affect corporations organized under membership corporation law (Laws 1895, c. 559).

5. SAME—BEQUEST—LEGATEE—INCAPACITY.

A bequest of a part of testatrix's residuary estate to "Pickering and White Library and Chime Tower and Bells at Sacket's Harbor, New York," was void; there being no such persons, natural or artificial, as the library, tower, and bells, capable of taking.

6. SAME—GENERAL LEGACIES.

Legacies consisting of securities are general, and not specific, legacies.

**7. SAME—RESIDUARY CLAUSE—ILLEGAL BEQUESTS.**

Under a general residuary clause of a will, illegal bequests become a part of the residuary estate, and void bequests of the residuum pass to the next of kin.

Action by Harold E. Spencer, as administrator with the will annexed of Marietta P. Hay, against The De Witt C. Hay Library Association of Town of Caldwell and others, for construction of will.

Weil & Weil, for plaintiff.

Robert Imrie, for De Witt C. Hay Library Ass'n.

Redding, Kiddle & Greeley, for United States Cremation Co., Limited.

C. S. & C. C. Lester, for Saratoga Hospital.

De Forest Bros., for New York Infirmary for Women and Children.

Rogers, Atwell & Rogers, for Camp, trustee, and Presbyterian Society of Sacket's Harbor, N. Y.

W. J. Townsend, for Tarrytown Historical Society.

O. F. & P. P. Davis (Oscar Englander, of counsel), for Mary G. Ames.

W. De Graff, for Amy Beach Ewers.

Robert Imrie, guardian ad litem for Daniel Ferguson Imrie, an infant.

McADAM, J.    The plaintiff asks for a construction of the will of Marietta P. Hay. The will is dated December 27, 1900, and the testatrix died February 13, 1901. The defendants De Witt C. Hay Library Association, the Saratoga Hospital, and the New York Infirmary for Women and Children are among the beneficiaries named by the testatrix. As these corporations were organized under statutes (Laws 1848, c. 319, § 6; Laws 1875, c. 343, § 5) prohibiting them from taking devises or bequests made in wills executed less than two months before the death of the testator, the bequests made to them must fail. See Stephenson v. Short, 92 N. Y. 433; Hollis v. Seminary, 95 N. Y. 166. The charter of defendant United States Cremation Company, Limited, provides that the company may take by devise or bequest "land, tracts, buildings, machinery, rights, or chattels" for the purposes of incorporation, or any of them, and the purpose of incorporation is "to cremate the human dead in the quickest, best, and most economical manner." Although the testatrix, in making the bequest to said corporation, did not in any manner limit the gift, it would seem a fair implication that the gift was made for corporate purposes. If this conclusion is correct, the legacy to said corporation is valid. The testatrix gave certain property in trust forever, the income to be used for the purchase of new books and works of art "for the Pickering and White Library and Chime Tower, and care of the same, and for no other purpose whatever"; and also gave other property in trust, the income each year to be used "to keep chime tower and bells in good condition, and aid in playing said bells, at Sacket's Harbor, N. Y." It appears that the tower referred to is part of the church of the Sacket's Harbor Presbyterian Society. Prior to the enactment of chapter 701 of the

Laws of 1893, there is no doubt that these trusts designed by the testatrix would be invalid. The court of appeals has held (Allen v. Stevens, 161 N. Y. 122, 55 N. E. 568) that the act named has ·restored the ancient law touching charitable uses for indefinite beneficiaries, and under such liberal construction the trusts made by the testatrix are valid. The objects of the trusts are educational .and religious, within the meaning of the statute of 1893. The bequests to the Tarrytown Historical Society are also valid. This new ·society was organized for the express purpose of receiving the bounty of the testatrix, and there is not the slightest doubt that the testamentary dispositions were made for its benefit.

The question raised as to the existence of the old corporation ought not to defeat the gift. The restriction of the act of 1848 (chapter 319, § 6) does not affect corporations organized under chapter 559 of the Laws of 1895. In re Lampson's Will, 161 N. Y. 511, 56 N. E. 9; Pritchard v. Kirsch, 58 App. Div. 332, 68 N. Y. Supp. 1049.

The testatrix bequeathed a part of her residuary estate directly .to "Pickering White Library and Chime Tower and Bells at Sacket's Harbor, New York." There is no such person or persons, either natural or artificial, as the said library and tower and bells. Even under the liberal construction given by the court of appeals to the act of 1893 before referred to, it does not seem that this disposition can be upheld, and it must be declared invalid.

The gifts to Amy Beach Ewers, Mary G. Ames, Daniel Ferguson Imrie, and Rosetta Beaman are valid. The legacies to United States Cremation Company, Limited, Tarrytown Historical Society, Allen ·C. Beach and Walter B. Camp, trustees, Mary G. Ames, Rosetta Beaman, and to ·Amy Beach Ewers, in so far as the same consist of securities, are general legacies. Tifft v. Porter, 8 N. Y. 518; Holt v. Jex, 48 Hun, 528, 1 N. Y. Supp. 195; Newton v. Stanley, 28 N. Y. 61; Brundage v. Brundage, 60 N. Y. 544; In re Van Vliet, 5 Misc. Rep. 169, 25 N. Y. Supp. 722. Under the general residuary clause of the will, the illegal bequests fall into the residuary estate (Booth v. Baptist Church, 126 N. Y. 215, 28 N. E. 238; In re Benson, ·96 N. Y. 499, 48 Am. Rep. 646; Riker v. Cornwell, 113 N. Y. 115, 20 N. E. 602), and the void bequests to residuary legatees go to the next of kin.

Settle decree on notice. Judgment accordingly.