(37 Misc. Rep. 608.)

SPENCER v. DE WITT C. HAY LIBRARY ASS'N OF TOWN OF CALD-
WELL et al.

(Supreme Court, Special Term, New York County. April, 1902.)

CONTRACT TO DEVISE—SPECIFIC PERFORMANCE.

Where, in an action to construe a will, a legatee therein was unable to take a charitable bequest because made within two months of the death of the testatrix, if it can demand specific performance of a contract alleged to have been made by it with the testatrix to give a legacy such agreement cannot be enforced in the absence of evidence of the terms of the contract and the consideration therefor.

Action by Harold E. Spencer, administrator of Marietta P. Hay, against the De Witt C. Hay Library Association of the Town of Caldwell and others, to construe a will. Decree rendered.

Weil & Weil (Robert Weil, of counsel), for plaintiff.

Robert Imrie, for De Witt C. Hay Library Ass'n.

Redding, Kiddle & Greeley, for U. S. Cremation Co., Limited.

De Forest Bros., for N. Y. Infirmary for Women and Children.

Rogers, Atwell & Rogers (Watson M. Rogers, of counsel), for Walter B. Camp and Presbyterian Soc. of Sacket Harbor.

William De Graff, for Amy Beach Ewers.

William J. Townsend and Clarence S. Davison, for Tarrytown Historical Soc.

Robert Imrie, guardian ad litem, for Daniel Ferguson.

John C. Davies, Atty. Gen., by Hasbrouck & Johnson (G. B. S. Hasbrouck, of counsel).

O. F. & R. R. Davis (Oscar Englander, of counsel), for Mary C. Ames.

BLANCHARD, J. This action for the construction of the will of Marietta P. Hay was tried before Mr. Justice McAdam, and by him decided. Before the decision and judgment were signed, Justice McAdam died, and the case has now been retried before me. Since the trial before Justice McAdam the answers of the attorney general and of the De Witt C. Hay Library Association have been amended by setting up that the bequests contained in the will for the benefit of that institution were made in pursuance of a contract to that effect, and evidence was taken on the new issue thus presented. In other respects the issues on the trial before me were the same as on the previous trial before Justice McAdam. The evidence taken and the exhibits introduced on the first trial have been, under stipulation, introduced in the present trial. I am disposed to adopt the decision of Justice McAdam on the questions which remain as they were presented to him. As to the bequests to the De Witt C. Hay Library Association, Justice McAdam very properly held them, under the case as it was then presented, to be void, as it was provided in the act under which that corporation was incorporated that all bequests under a will executed within two months of the death of the testator should be void. That institution sought to avoid the effect of this statute by attempting to show the bequests to have been made as a result of a contract made in 1887. Assuming that this is the proper time and place to establish such a contract, if one existed, and there is considerable doubt as to it,—I am of the opinion that no sufficient evidence has been produced to establish the claim that the provisions in the will of the testatrix were the result of a contract of which a court of equity should decree a specific performance. The terms of such a contract must be definite and certain. There must be an adequate consideration, and the contract must be clearly established. Shakespeare v. Markham, 10 Hun, 311, 322, affirmed in 72 N. Y. 400. The alleged contract was not in writing, and, so far as the evidence discloses, there was nothing more than a voluntary revocable intention of doing something for an institution not then in existence. With whom did Mrs. Hay contract, if at all? The De Witt C. Hay Library Association was not then in existence. The negotiations and cor-

respondence were with Mr. West, the supervisor of the town of Caldwell. He is not the beneficiary under the will. Subsequent to this alleged contract of 1887, a written contract was entered into in 1899, when the books and other articles were transferred by Mrs. Hay. This contract was entered into between Mrs. Hay and the De Witt C. Hay Association, and provided for the care, use, and freedom from incumbrance of the property transferred. The reading of this contract does not indicate any previous contractual obligation on the part of Mrs. Hay. Without lengthening this memorandum needlessly, it will suffice to say that there is nothing in the case which leads me to believe that a contract existed between Mrs. Hay and the association. The association, from 1887, when it was incorporated at the suggestion of Mrs. Hay, until subsequent to the first trial of this case, gave no intimation that it considered Mrs. Hay under any contractual obligation to it. I must conclude, therefore, that these bequests are void, as found by Justice McAdam. The other questions are disposed of as they were upon the former trial. See decision reported in 36 Misc. Rep. 393, 73 N. Y. Supp. 712. The decision and decree should be noticed for settlement, and at that time the application for allowances may be submitted.

Ordered accordingly.