1. SURROGATE—JURISDICTION—WILLS—CHARGE ON REALTY.

Where legacies were given far in excess of the personalty, and the will gave the executors power to sell the realty, though no division of it was contemplated by the will, and after the sale the proceeds were in the hands of the executors, the surrogate had power, on an accounting by them, to determine whether the legacies were charged on the land.

In the matter of the estate of Myrick Plummer, deceased. Settlement of the account of executors. Decreed.

Ormi F. Hibbard, for executors.

Bowers & Sands, for Hospital Guild, legatee.

THOMAS, S.   While this court may not in all cases adjudge that the real property of a testator remaining unsold is chargeable with a lien for legacies, a jurisdiction exists in a surrogate, on the accounting of an executor, to determine the ownership of the cash proceeds of land sold by such executor under a power.   Such proceeds constitute assets for the payment of debts (Erwin v. Loper, 43 N. Y. 521; Glacius v. Fogel, 88 N. Y. 434; In re Powers, 124 N. Y. 361, 26 N. E. 940); and where legacies are, by the will, charged upon land sold, a surrogate may direct payment of such legacies out of the proceeds of sale of such land (In re Vandevort's Will, 8 App. Div. 341, 40 N. Y. Supp. 791).   It follows, of necessity, that he may determine whether the legacies are so charged as an incident to the exercise of this jurisdiction.   In re Grotrian's Estate, 30 Misc. Rep. 23, 62 N. Y. Supp. 996.   The money legacies directed by the testator to be paid largely exceeded the entire amount of his personal estate at the time of the execution of the will and at all times thereafter.   The testator gave to his executors unlimited power to sell his real property, and convert it into money.   No division of his real property was directed that would require this power of sale, and from the whole tenor of the will I am satisfied that its primary purpose was to enable the executors to pay the legacies.   I will therefore determine that the legacies are charged upon the real estate.   The New York Medical College and Hospital for Women was not created under the membership corporation act, and the words in the charter granted to it by the board of regents in 1895 did not suffice to impose upon it any disability to accept a legacy.   The legacy to it is valid to its full amount, notwithstanding the fact that the testator died within less than two months after the execution by him of the codicil containing such legacy.   Pritchard v. Kirsch, 58 App. Div. 332, 68 N. Y. Supp. 1049, affirmed 171 N. Y. 637, 63 N. E. 1121.   Tax costs and settle decree on notice.

Decreed accordingly.