Matter of the Petition of Louis A. Seitz to Compel
   Thomas Morris and Catherine Morris to Render
   and Settle Their Account as Executors of the Last
   Will and Testament of Catherine Gorey, Deceased.

(Surrogate's Court, Kings County, May, 1918.)

Trusts — bequest to executors — residuary estate.

    A bequest of a residuary estate to the executor to pay dece-
   dent's funeral expenses, have masses said and to put up a
   tombstone over her remains, is in trust to the extent necessary
   to fulfil the designated objects, but the trust must be limited
   to so much as will satisfy its purposes and the excess belongs
   to the next of kin.

Proceeding to compel executors to render and settle
their account.

David Joyce, for executors.

Wood, Cooke & Seitz, for objector, Louis A. Seitz.

Ketcham, S.  Construction is necessary of the
following provision of the will:

  " VIII.  I bequeath all the rest, residue and remain-
der of my estate to my executor hereinafter named to
pay my funeral expenses, say Masses and put a modest
tomb-stone over my remains."

  That this gift was to the executors by that designa-
tion and not to them by name " negatives the view
that the executors were to keep the property as their
own."  This was the language used in *Gross* v. *Moore*,
68 Hun, 412.  In *Matter of Keenan*, 107 App. Div. 234,
Mr. Justice Bartlett, in distinguishing the case of
*Gross* v. *Moore*, says: " The gift there under consider-
ation was not to any legatee or devisee by name, but

to the executor of the testator, and concluded with the words, ' to be distributed by him, according to instructions given to him by me.' This direction amounted to a plain negation of any idea that the executor was to retain for himself the substance of the gift. A distribution was wholly inconsistent with a retention of the property by the executor.''

Hence, whatever may be the construction of the words employed in the will at bar as to the purposes of the gift, no part of the residue is to be enjoyed by the executors personally, and it remains solely to determine what part, if any, of the residue is to be applied under the direction to '' pay my funeral expenses, say Masses and put a modest tomb-stone over my remains.''

Either this direction is to be construed as a trust to use the residue for the purposes indicated or intestacy must result as to the entire residual fund. If the direction is to be effectuated, intestacy as to the balance of the residue not needed for the purposes directed must follow.

Clearly the gift is in trust to the extent necessary to fulfill the objects designated. *Stewart* v. *Franchetti*, 167 App. Div. 541, and cases cited; *Matter of Norton,* 165 id. 787.

While the trust fund in the cases last cited embraced the entire subject of the gift, it is obvious that, in the case at bar, the trust, though good, must be limited to so much of the residue as will satisfy the purposes of the trust and that the excess belongs to the next of kin.

This appears plainly in *Emans* v. *Hickman,* 12 Hun, 425. There the disposition in the will was '' To my executors all money in my possession, all money due from any source or sources whatever, and all property of every kind or description held by me for my

Surrogate's Court, Kings County, May, 1918. [Vol. 103.

funeral expenses and the erection of a monument to my memory," etc.; and the court affirmed the judgment by which it was found as conclusion of law " That said testator intended only as much of said estate to be expended for funeral expenses and the erection of a monument * * * as would be suitable to his condition of life and that the balance of said estate should go to his heirs at law."

In *Matter of Boardman,* 46 N. Y. St. Repr. 444, it was held that the surplus over the amount necessary to comply with a direction to erect a monument belonged to the next of kin.

Proof with respect to the amount required to fulfill the trust may be taken upon two days' notice to either party.

Decreed accordingly.