Matter of the Appraisal under the Acts in Relation to the Taxable Transfer of the Property of the Estate of LOLA N. HENDRICKSON, Deceased.

(Surrogate's Court, Kings County, April, 1919.)

Transfer tax — wills — failure of trust relating to personal effects when no memoranda or instructions found.

Where testatrix bequeathed to a trust company and one E., all her jewelry, wearing apparel, personal effects and household furniture with direction to distribute the same in accordance with her wishes as expressed in memoranda and instruc-

Misc.]    Surrogate's Court, Kings County, April, 1919.

tions left with E., but upon adequate search after her death, no memoranda or instructions were found and no instructions were given to E. as to the disposal of said property, the trust sought to be created fails, and the property passing under the residuary clause to a charitable corporation is exempt from a transfer tax.

APPEAL from an order fixing the transfer tax.

J. Mayhew Wainwright (John W. Farquhar, of counsel), for the American Society for the Prevention of Cruelty to Animals.

Marcus B. Campbell, for state comptroller.

KETCHAM, S.   Upon the appeal from the order fixing the transfer tax, construction is necessary of the following paragraphs of the will of decedent:

" *Seventh.* I give and bequeath to the Franklin Trust Company and to Edward Hanbury, of Brooklyn, New York, my horses, jewelry, wearing apparel, personal effects and household furniture, directing them to have my horses killed immediately following my death, and to distribute my jewelry, wearing apparel, personal effects and household furniture in accordance with my wishes as expressed in memoranda and instructions left with Edward Hanbury.

" *Eighth.* All the rest, residue and remainder of my estate, both real and personal, wheresoever situate and howsoever held, I give, devise and bequeath to American Society for Prevention of Cruelty to Animals.''

The will nominated the Franklin Trust Company as the sole executor. The order appealed from finds that the bequest in the seventh paragraph of the will quoted *supra* was to the " Franklin Trust Company as executor for the benefit of the beneficiary or bene-

45

ficiaries entitled thereto " and imposes the tax as upon a transfer to a stranger subject to taxation.

It appears without contradiction that an adequate search made after the decedent's death has not revealed the existence of " any memoranda or instructions," and that no instructions were given to Edward Hanbury as to the disposal of the personal property mentioned in the seventh paragraph of the will.

The residuary legatee claims that there was an attempted trust contained in the seventh paragraph, that the same was void, and that therefore the subject of the invalid trust passed to the residuary legatee, a charitable corporation, and is exempt from the transfer tax.

The apparent gift was not to the Franklin Trust Company as executor, since, in any event, the provision was for Edward Hanbury equally with the trust company, and he was not named as an executor. Hence, the case does not fall within the authority of *Gross* v. *Moore,* 68 Hun, 412, in which the construction was largely influenced by the express gift to the executor by that designation. See *Matter of Keenan,* 107 App. Div. 234; *Matter of Seitz,* 103 Misc. Rep. 566.

The only alternative is that the provision at bar was intended either as a gift to the trust company and Edward Hanbury, personally and absolutely, or in trust for purposes totally inconsistent with a personal bequest. If a gift in trust was intended it was unquestionably void for total failure of a beneficiary. That it was not meant as a personal gift is fairly obvious. The intention was plainly to create a trust. Though it be conceded that the attempt to make a trust was abortive, it may still serve to determine the intention of the testatrix. She did not mean both a personal gift and a trust, and we know that she contemplated a trust.

The appeal is sustained on the ground that the provision under examination sought to create a trust which has failed, that the subject of the provision falls into the residue, and that the transfer to the residuary legatee is exempt from taxation.

Appeal sustained.