In the Matter of the Estate of PETER PEARSALL, Deceased.

Surrogate's Court, Oneida County, September 11, 1925.

**Wills — construction — devise of residuary estate to cemetery corporation with direction that corporation at all times keep lot and monument of testator in good condition — cemetery corporation was incorporated under Laws of 1847, chap. 133 — cemetery corporation has power to receive property by bequest — bequest was absolute and valid.**

A bequest of a residuary estate to a cemetery corporation, which was incorporated under chapter 133 of the Laws of 1847, with a direction that the corporation was at all times to keep the lot and monument of the testator in good condition, is a valid bequest which the corporation has the power under section 9 of the act under which it was incorporated, to receive, and it is a bequest of property absolute and not in trust, made for the general purposes of the cemetery association as provided by law.

PROCEEDING for the construction of the 4th paragraph of testator's will, instituted by Earl D. Pearsall and Walter A. Pearsall, who are second cousins of the testator and his sole heirs at law and next of kin.

*R. C. Briggs,* for the executor.

*Arthur S. Evans,* for the Lowell Rural Cemetery Association.

*M. J. Larkin,* for Earl D. and Walter A. Pearsall, heirs at law, etc.

EVANS, S.:

The testator died on or about July 3, 1924, leaving a last will and testament which was duly admitted to probate in this court. The estate consists of personal property valued at $1,959.28 and of real property which has been sold and which netted the sum of $665. After the payment of debts, funeral expenses, etc., there is a balance in the hands of the executor of $1,104.52, subject to his commissions and the expenses of this accounting.

The 4th paragraph of the will reads as follows: " All the rest, residue and remainder of my property both real and personal, I give, devise and bequeath unto the Lowell Rural Cemetery Association, located near the village of Lowell, Oneida County, New York, and I direct said Association at all times to keep my lot and the monument thereon in good condition."

It is the contention on the part of the two heirs at law and next of kin of the testator that the cemetery association has no authority under its charter to take an absolute gift and that the devise and bequest to it are void; that no lawful trust of real and personal property is created as provided by section 114-a of the Real Property Law (as added by Laws of 1909, chap. 218), or by section 13-a

of the Personal Property Law (as added by Laws of 1909, chap. 218); that if a trust is created, or a legal gift made, it is only for such an amount as may be reasonably necessary to care for testator's burial lot and monument, such amount to be determined upon proof; that excepting the amount necessary to care for testator's burial lot and monument, he died intestate as to the balance of his estate and that it should be divided according to law among his heirs at law and next of kin.

The Lowell Rural Cemetery Association was incorporated in the year 1876 under an act authorizing the incorporation of rural cemetery associations, being chapter 133 of the Laws of 1847. This act (§ 4), among other things, provides that any association incorporated under it may take by purchase or devise and hold within the county where the certificate of incorporation is recorded not exceeding 200 acres of land to be held and occupied exclusively for a cemetery for the burial of the dead and may hold personal property to an amount not exceeding $5,000, besides what may arise from the sale of lots or plots.

Section 9 of the act provides that any association incorporated under it may take and hold any property, real or personal, bequeathed or given upon trust, etc.

In passing upon the meaning and legal effect of the provision of testator's will sought to be construed, two main questions are presented, viz., the intent of the testator and the capacity of the Lowell Rural Cemetery Association to take. I think that it was the plain intent of the testator as expressed in his will to give to this cemetery association all of his residuary estate to be used for the general purposes of the association authorized by law. While reference is made to keeping the burial lot and monument of testator in good condition, I can find nothing that warrants the belief that testator intended to have all the property expended upon his own lot and monument. The provisions of the Real Property Law and the Personal Property Law already referred to apply to care of cemetery lots and not to cemeteries as a whole. This legislation was designed to permit perpetual care of burial lots and walks, fences, monuments, etc., and to provide an exception to the rule against perpetuities in suspension of the power of alienation of title to property.

These provisions I think have no application to the matter under consideration.

Section 65 of the Membership Corporations Law (as amended by Laws of 1909, chap. 274) provides in substance that a " cemetery corporation may acquire otherwise than by condemnation, real property as aforesaid and additional real property, not exceeding

in value two hundred thousand dollars, for the purposes of the convenient transaction of its general business, no portion of which shall be used for the purpose of a cemetery."

A cemetery corporation may acquire otherwise than by condemnation additional real or personal property absolutely or in trust in perpetuity or otherwise, and use the same or the income therefrom in pursuance of the terms on which the same is acquired for the following purposes:

1. The improvement or embellishment, but not enlargement of its cemetery.

2. The construction or preservation of a building, structure, fence or walk therein.

3. The renewal, erection or preservation of a tomb, monument, stone, fence railing or other erection or structure on or around any lot therein.

4. The planting or cultivation of trees, shrubs, flowers or plants in or about a lot therein.

The paragraph of testator's will under consideration contains no direction as to how the property is to be expended by the beneficiary. In the absence of such direction it must be assumed that the gift is made for and limited to corporate purposes and, therefore, valid. (*Spencer* v. *Hay Library Association*, 36 Misc. 393; *Matter of Griffin*, 167 N. Y. 71.)

Section 7 of the Religious Corporations Law permits religious corporations to take and hold by purchase, grant, gift or devise real property for the purposes of a cemetery and may take and hold any property granted, given, devised or bequeathed to it in trust for the improvement, etc., of such cemetery.

Subject to the police powers of the State to prevent the establishment and enlargement of cemeteries in congested sections, there appears to be no sound reason or principle of law to prohibit a cemetery corporation from accepting a gift of real and personal property under a will.

I, therefore, hold and decide that under paragraph 4 of testator's will, the Lowell Rural Cemetery Association has capacity to and does take as an absolute gift the residuary estate herein to be used for the general purposes of the cemetery association as provided by law.

Decreed accordingly.