In the Matter of the Accounting of Samuel Halpern, as Executor of Rose Meyers, Deceased.

Surrogate's Court, New York County, November 9, 1949.

*S. C. & S. H. Levine* for executor, petitioner.

*Nathaniel L. Goldstein, Attorney-General (Corning G. McKennee* of counsel), for charities, respondent.

*J. Tobias Goldberg* for Leah Kalfus and others, respondents.

Frankenthaler, S. Testatrix bequeathed the residue of her estate to the accounting executor, in trust, to erect a " suitable monument on my grave, and to pay, annually, such amount as may be necessary for the proper care and maintenance of our family plot ". The executor requests a construction of the above provision and permission to transfer sufficient funds to a named religious corporation to have it provide such perpetual care.

The court holds that a valid trust was created by the will (Personal Property Law, § 13-a; *Matter of Pearsall*, 125 Misc. 634), and that a reasonable sum must be devoted by the executor for the purposes specified. He is not required to expend the entire residue therefor, but only such reasonable amount as may be "necessary" to provide the requisite care (*Matter of Seitz*, 103 Misc. 566; *Matter of Welch*, 105 Misc. 27; *Matter of Devine*, 147 Misc. 273; 55 A. L. R. 1303). Any surplus residue will pass as intestate property.

The court further holds that the trustee may transfer such sum to a religious corporation, to invest it and apply the income to the maintenance of the plot. A copy of the agreement for such transfer shall be submitted for the approval of the court.

The personal claim of the accounting executor is allowed.

Submit, on notice, decree construing the will and settling the account accordingly.