any income thereof remaining in their hands," found in the provisions directing the distribution of the remainder upon the death of said John J. Jones. As the learned surrogate remarked, those words may well refer to the time of distribution, for obviously the testator must have known that some time must elapse between the death of said John J. Jones and said distribution; but in any event an expression which might refer to either the death of the life beneficiary or the distribution of the remainder, found in the clause providing for such distribution, should not be given an effect which would invalidate the plain disposition of the income during the term of the trust provided in another part of the will.

The decree should be modified to the extent of providing that the corpus of the trust estate created by the sixth paragraph of the will, together with all income thereon which has accrued subsequent to the death of the life beneficiary, be distributed among the nephews and nieces of the testator living at the time of the death of said life beneficiary, or to the personal representative of any since dying, in the following proportions: One equal third part thereof to the children of Mary J. Griffith; one equal third part thereof to the children of Susan J. Dannat; one equal third part thereof to the children of Jane J. Thayer; and, as modied, affirmed, with costs to all parties payable out of the estate. All concur.

---

(112 App. Div. 377)

### In re McAVOY'S ESTATE.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

TAXATION—LEGACIES—BEQUESTS FOR MASSES.

Testatrix, after directing that all her just debts and funeral and testamentary expenses be paid, bequeathed $800 to a priest, or, in the event of his death, to his successors as pastor of a certain church, to be used in saying 800 low masses for the repose of the soul of herself and three others. *Held*, that such bequest was not exempt from transfer taxes as funeral expenses.

Appeal from Surrogate's Court, Kings County.

Proceeding for the assessment of a transfer tax on a legacy bequeathed to Rev. Father Guhl by the will of Mary J. McAvoy, deceased. From an order of the Surrogate's Court exempting the bequest, the Comptroller appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Leonard B. Smith, for appellant.

JENKS, J. By paragraph 2 of her will the testator provided:

"I give and bequeath unto Rev. Father Guhl, of St. Alphonsus Church on Kent Street, Brooklyn Borough, N. Y. City, or in the event of his death, to his successors as pastor of said Church, the sum of eight hundred (800) Dollars, to be used in saying eight hundred (800) low masses, as follows: two hundred thereof for Henry J. Riley; two hundred thereof for Mary J. McAvoy; two hundred thereof for James A. McAvoy, and two hundred thereof for Jane Riley."

The sole question presented is whether this sum of $800 is subject to a transfer tax. The tax law does not specially exempt such a be-

quest, and the legacy in question seems to me a transfer by will, and as such taxable. See Matter of Gould's Estate, 156 N. Y. 423, 51 N. E. 287. I do not see how it can be held that such a provision is for funeral expenses. Certainly the bequest for masses to be said for others than the testator cannot be for the funeral expenses of the testator. So far as the masses to be said for the testator are concerned, it is quite clear that she did not contemplate that the bequest was for her funeral expenses, inasmuch as she provided by the first paragraph of her will as follows: "I direct that all my just debts, funeral and testamentary expenses be paid as soon after my decease as may be." See Matter of Black, 1 Con. Sur. 477, 5 N. Y. Supp. 452. A mass is not peculiarly a part of a funeral service, like unto the office for the dead. It is the sacrament of the Eucharist, and a low mass is one said and not sung. (Cent. Dict.) In the religion of the Holy Roman Church masses are celebrated for the good of those who are dead, but in no sense is a mass so celebrated necessarily a part of the funeral service. I think that the conclusion reached by the learned surrogate in Matter of Black, supra, was correct.

It follows that the order must be reversed, and the order assessing the tax modified, by assessing a tax at the rate of 5 per cent. upon the legacy. All concur.

---

(112 App. Div. 370)

### In re BROWER'S WILL.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

1. WILLS—TESTAMENTARY CAPACITY—AGE—PRESUMPTION.
    That testatrix was a woman 96 years of age when she made her will was insufficient in itself to raise a presumption against testatrix's capacity.
    [Ed. Note—For cases in point, see vol. 49, Cent. Dig. Wills, § 94.]

2. SAME—EVIDENCE.
    In a proceeding for probate of a will, evidence held sufficient to sustain a finding that testatrix had testamentary capacity when the will was executed.

3. EVIDENCE—CONCLUSIONS OF WITNESS—MENTAL CAPACITY.
    On an issue concerning testatrix's testamentary capacity at the time she made her will, it was error for the surrogate to exclude a question addressed to testatrix's agent, as to whether her acts, which the agent had remembered and testified to, impressed him as rational or irrational.
    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2242; vol. 49, Cent. Dig. Wills, §§ 113–119.]

4. WILLS—PROBATE PROCEEDINGS—EXCLUSION OF EVIDENCE—HARMLESS ERROR.
    Where, on an issue of testamentary capacity, the surrogate erroneously excluded a question addressed to testatrix's agent as to whether testatrix's acts impressed the agent as rational or irrational, and the acts referred to had been fully described by the agent, the error was not ground for reversal, under Code Civ. Proc. § 2545, prohibiting a reversal for an error of the surrogate in the admission of evidence which was not prejudicial.

Appeal from Surrogate's Court, Nassau County.

Application for the probate of the last will of Abigail Brower, deceased. From a surrogate's decree admitting the will to probate without contest, certain heirs appeal. Affirmed.