Matter of the Petition of CATHERINE J. WELCH, to Prove the Last Will and Testament of MARGARET F. LASHER, Deceased.

(Surrogate's Court, Kings County, November, 1918.)

Trusts — what creates a valid trust — wills — bequests — failure to appoint trustee vests legal title to trust estate in Supreme Court.

A bequest of a specific sum of money to charity to be distributed by a designated person creates a valid trust in him for the purpose of distribution in charity according to his discretion.

A bequest for masses constitutes a good trust for a religious use.

After a bequest of $100 for masses a further bequest of "Balance for burial and expenses and masses" cannot be regarded as a direction that all the residue of the estate shall be so expended, but must be construed to intend the expenditure, for such purpose, of such sum as shall be suitable to the condition in life of the testatrix and if the $100 will meet that requirement the residue after such payment for burial and masses goes to the next of kin in the absence of any residuary gift.

The failure to appoint a trustee for the "Balance for burial and expenses and masses" vests the legal title to the trust estate in the Supreme Court.

PROCEEDING upon the probate of a will.

William C. Fiest, for petitioner.

Joseph V. Gallagher, special guardian for Francis D. L. Murphy, an infant.

Joseph A. Kennedy, special guardian for John R. Lasher, an incompetent.

KETCHAM, S. In the paper propounded occurs the provision: " To charity ($100.) One Hundred Dollars, to be distributed by Rev. P. J. O'Loughlin."

The gift is attacked upon the theory that a gift to charity is too general to be regarded as a sufficient definition of the beneficiaries, and because of its alleged uncertainty as to whether or not the gift is for a public or private purpose. In *Legge* v. *Asgill,* Turn. & R. 265, the testatrix provided as follows: " If there is money left unemployed, I desire it may be given in charity." It was there held that this was an effective gift of £2,000 of personal estate to charitable purposes. The case becomes significant and indeed controlling upon the present discussion, since it has been cited with approval in the following cases: *Matter of Cunningham,* 206 N. Y. 601–608; *Stewart* v. *Franchetti,* 167 App. Div. 541, 545; *Utica Trust & Deposit Company* v. *Thomson,* 87 Misc. Rep. 31, 53.

It cannot be said that this gift is uncertain as to whether or not it contemplated a public or a private purpose. In *Matter of Robinson,* 203 N. Y. 380, 388, it was held that " a construction which is fairly within the rules of law and that sustains the trust and devotes the fund included therein to purposes permitted by law and to the good of humanity should be preferred." It must, therefore, be assumed that the provision now under examination intended a public purpose.

The language in question should be held to create a valid trust in the Rev. P. J. O'Loughlin, for the purpose of distribution in charity, according to his discretion.

The gift in paragraph 10 of the will for masses ($100) constitutes a good trust for a religious use.

Paragraph 13 of the will reads as follows: " Balance for burial & expenses, and masses." This provision cannot be regarded as containing an intention that all of the residue shall be expended for "burial & expenses, and masses," but must be construed to intend the expenditure for such purposes of such sum as shall be

Misc.]　Surrogate's Court, Kings County, November, 1918.

suitable to the condition in life of the testatrix. *Matter of Seitz (Gorey)*, 103 Misc. Rep. 566. In view of the express provision of the will for the expenditure of $100 in masses, the repetition of such purpose in the latter paragraph indicates an intention that a sum in addition to that specifically provided shall be expended. This sum cannot be ascertained with certainty in advance of the administration, but the appropriation of $100 for masses would probably be sufficient in view of the circumstances disclosed in the stipulation as to the condition in life of the testatrix.

The residue, after such payment for burial and for masses as shall accord with the circumstances of the testatrix, will belong to the next of kin in the absence of any residuary gift. There is no executor named in the will.

The trust formed in paragraph 13 does not fail for the failure of the will to appoint a trustee, but the legal title to the trust estate vests in the Supreme Court, and it is charged with the duty of executing it. *Matter of Miller*, 149 App. Div. 113. While section 2638 of the Code of Civil Procedure gives to the Surrogate's Court the power to appoint successor trustees in certain conditions therein prescribed, no power is therein given to it to make the appointment necessary in the present case.

The decree of probate may proceed in accordance herewith.

Decreed accordingly.