In the Matter of the Accounting of THOMAS MORRIS, et al., as Executors of CATHERINE GOREY, Deceased, Appellants.

OWEN EDWARDS et al., Respondents.

Will — construction — charitable trust — masses — when will clearly and explicitly expresses the desires of a testatrix creating a charitable trust the court will not bestow her estate upon next of kin upon a claim that the gift is unreasonable in amount for the purposes of the trust.

1. Where a testatrix, after making certain bequests, bequeathed the residue and remainder of her estate to her executors " to pay funeral expenses, say masses and put a modest tombstone over my remains," the executors took title to the residuary estate in trust and it is their

duty, after paying funeral expenses and for a monument, to dispose of the remainder of the residuary estate by having masses said in a Roman Catholic church, according to the customs of that communion. The testatrix was free to judge for herself what was reasonable in amount for the purposes of the trust. The trust was not void for indefiniteness and the court will not take the estate from the trustees to bestow it upon the next of kin in disregard of the expressed desires of testatrix, but will uphold the will as it is written.

2. Masses are religious ceremonials and a bequest therefor is upheld as a charitable trust.

*Matter of Morris*, 188 App. Div. 894, modified.

(Argued September 29, 1919; decided October 14, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 5, 1919, which affirmed a decree of the Kings County Surrogate's Court judicially settling the accounts of the executors of Catherine Gorey, deceased.

The facts, so far as material, are stated in the opinion.

*David Joyce* and *Ralph G. Barclay* for appellants. Paragraph 8 of the will must be construed as a gift in trust rather than simply a direction to the executors to pay funeral expenses, say masses and erect a tombstone, and such being the construction of the paragraph, the corpus of the gift cannot be cut down, as there is nothing in the will to uphold such a construction. (*Gross* v. *Moore*, 68 Hun, 412; *Matter of Keenan*, 107 App. Div. 234; *Matter of Arrowsmith*, 162 App. Div. 623; 213 N. Y. 624; *Matter of McAvoy*, 112 App. Div. 377; *Stewart* v. *Franchetti*, 167 App. Div. 541.) The bequest in trust is not invalid. (*Matter of Raab*, 42 App. Div. 141; *Cunningham* v. *Parker*, 146 N. Y. 24; *Matter of McDowell*, 217 N. Y. 454.)

*William G. Cooke* and *Howard O. Wood* for respondents. Clearly the bequest contained in the eighth clause was not to the executors as individuals, but it was merely for the purposes enumerated. (*Matter of Raab*, 42 App. Div. 141; *Matter of Arrowsmith*, 162 App. Div. 623; *Matter*

*of Keenan,* 107 App. Div. 234; *Gross* v. *Moore,* 68 Hun, 412; 141 N. Y. 559.) The executors are authorized merely to spend a reasonable sum for the saying of masses, and that having been done the property passes to the next of kin. (*Steinway* v. *Steinway,* 163 N. Y. 184; *Matter of Backes,* 9 Misc. Rep. 504; *Matter of Boardman,* 46 N. Y. S. R. 444; *Matter of Young,* 92 Misc. Rep. 633.) Such a trust as the appellants claim was created here is void, for the reason that it could never be enforced. (*Holland* v. *Alcock,* 108 N. Y. 312; *Reynolds* v. *Reynolds,* 224 N. Y. 429.)

POUND, J. The testatrix, an aged widow, made her will on June 10, 1916. She died shortly thereafter and letters testamentary were issued to the executor and executrix therein named. She left seventeen nephews and nieces in Wales, her only next of kin. By her will she makes pecuniary legacies to seven of them in various amounts aggregating $10,000. She also gives $100 to " my friend Susie Ternan " and $300 to " my faithful friend Catherine Morris," to whom she also gives all the personal property in the house. Catherine Morris and her husband, since deceased, are named as the executors of the will. Paragraph eighth of the will reads as follows: " I bequeath all the rest, residue and remainder of my estate to my executor hereinafter named to pay funeral expenses, say masses and put a modest tombstone over my remains "

The residuary estate amounts to nearly $6,000 and the courts below have sustained the contention of one of the next of kin that this bequest should be limited to an amount necessary to fulfil the objects designated, which has been fixed at $187.50 for funeral expenses, $5.00 for a funeral mass and $350.00 for monument, leaving for the next of kin, as unbequeathed assets of the estate, upwards of $5,000. It is said that in law testatrix intended only to have so much of the estate

expended for these purposes as would be suitable to her condition of life and that the balance should go to the next of kin.

The intention of the testatrix is not thus expressed. The next of kin are remembered and provided for. The law permitted, if it did not require, the executors, without any directions from the testatrix, to expend for funeral expenses, including the funeral mass and the monument, as much as has been expended for such purposes from this estate, and it is not to be inferred that her words were superfluous and without meaning. It seems perfectly clear that she intended the residue of her estate to pass to her faithful friend and her faithful friend's husband to be expended for the purposes designated by her and that she did not intend to die in partial intestacy. The words of gift are explicit. The distinction between an absolute gift and a direction to expend a given sum for a given purpose is pointed out in *Matter of Arrowsmith* (162 App. Div. 623; affd., 213 N. Y. 704), and it is held that the court may not cut down the gift because the amount is disproportionate to the purpose.

But it is urged that this is a gift in trust and that the statement of purpose is, therefore, limited to a reasonable amount beyond which the trustees may not take. This contention does not fortify the claims of the next of kin. The testatrix was free to judge for herself what was reasonable. " Masses are religious ceremonials or observances of the church of which she was a member, and come within the religious or pious uses which are upheld as public charities." (*Schouler, Petitioner,* 134 Mass. 426.) She could give her estate outright to any charity and she was free to dedicate it to this particular charity. Although the specific objects of the charity are not named by the testatrix, the trust is no longer void for indefiniteness in this state. (*Holland* v. *Alcock,* 108 N. Y. 312; *Matter of MacDowell,* 217 N. Y. 454.) The construction which upholds the main purpose of the testatrix is that

the executors shall take title to the residuary estate in trust and that they shall, after paying funeral expenses, dispose of the estate by having masses said in a Roman Catholic church, according to the customs of that communion. The test of reasonableness has no place as between the next of kin and the charitable trust, and the court will not take the estate from the trustees to bestow it upon the next of kin in disregard of the expressed desires of testatrix, but will, " in a broad and liberal spirit " uphold the will as it was written.

The order of the Appellate Division and decree of surrogate appealed from should be modified by directing the payment of the entire residuary estate to the executors in trust for the purposes named in the will, and as so modified affirmed, with costs in all courts to the appellants, payable out of the estate.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN and ANDREWS, JJ., concur; CHASE, J., not voting.

Ordered accordingly.