In the Matter of the Final Judicial Settlement of the Account of Proceedings of CLIFFORD A. ATKINSON and FREDERICKA PROBST, as Executors, etc., of TERESA L. ATKINSON, Deceased.

Surrogate's Court, Westchester County, January, 1923.

**Wills — gift for pious uses — when sustained as public in character.**

A legacy to a duly incorporated society for the propagation of the faith and doctrines of the Holy Roman Catholic Church, for the erection of memorial chapels in any of the foreign countries selected by the diocesan director is a gift for pious uses and will be upheld as a public charity.

The mere fact that the gifts were intended as memorials to the donor and the deceased members of her family does not affect the public character of the gift.

PROCEEDING to settle executors' accounts.

*John W. Russell*, for executors.

*Hogan & Dauenhauer*, for Church of Holy Rosary.

*Gillespie & O'Connor*, for trustees of St. Patrick's Cathedral.

*John J. Barrett, Jr.* (*William H. Milholland*, of counsel), for the Society for the Propagation of the Faith.

SLATER, S. The 10th paragraph of the will bequeaths $5,000 to the Society for the Propagation of the Faith, 462 Madison avenue, New York city, " for the erection of memorial chapels (Five hundred dollars each) in any of the foreign countries selected by the Diocesan Director, to the memories of the following deceased members of my family, and to myself." Then certain deceased members of the family are named. The point is made by the

accounting party that this society has not the capacity to take the legacy, the erection of chapels not coming within the purposes of its incorporation. The society was incorporated in 1906, and among the defined objects is "to propagate and assist in the propagation of the faith and doctrines of the Holy Roman Catholic Church throughout the world; to secure means of support and to pay the expenses of missionaries of the Holy Roman Catholic Church and to receive, collect, invest and expend sums of money, or monies to be used directly and indirectly for the furtherance of said objects."

The power to propagate and assist in the propagation of the faith of the Catholic church is work that is entirely religious. To propagate means to cause to spread, to propagate the Christian religion, the propagation of the Gospel. In Catholic churches chapels are usually arranged in the recesses on the side of aisles. Webster's Dictionary. A chapel is a small church. The character of the corporation in question is to be determined by an examination of the purposes for which it was organized. *Matter of Beekman,* 232 N. Y. 365. It was organized for religious purposes, and the gift was clearly intended for pious uses and clearly falls within the powers of the donee. *Matter of Cunningham,* 206 N. Y. 601. The erection of chapels by the donee in various parts of the world is in aid of the propagation of the Catholic faith; services in such chapels are religious (*Matter of Morris,* 227 N. Y. 141), and the purpose set forth in the 10th paragraph of the will is within the specific and implied powers of the corporation. *Boardman* v. *Hitchcock,* 136 App. Div. 253. The gift is to the corporation; and being a religious corporation, the gift is for pious uses which are upheld as public charities. *Matter of Morris, supra.* The corporation takes the gift for the purpose of its corporate uses. *Johnston* v. *Hughes,* 187 N. Y. 446. The mere fact that the gift is intended as memorials does not affect its public character. *Sherman* v. *Richmond Hose Co.,* 230 N. Y. 462, 469.

The expressed desire of the testatrix will be regarded, and "in a broad and liberal spirit" the court will uphold the gift. *Matter of Allen,* 111 Misc. Rep. 93, 126, 129.

Decreed accordingly.