In the Matter of the Judicial Construction of the Last Will and Testament of LETITIA KILLEN, Deceased.

Surrogate's Court, Westchester County, April 1, 1925.

Wills — construction — testatrix gave remainder of estate to executor to be expended by him " as in his discretion will best meet my wishes " for charitable purposes in Ireland — bequest not invalid by reason of uncertainty of beneficiaries under Personal Property Law, § 12, and Real Property Law, § 113 — testatrix intended institutions in Ireland, having public charitable purposes, should receive bequest — executor should submit charities to Supreme Court before making payments — bequest of $1,000 to further " development of the Irish Republic " invalid as not being for charitable purpose.

A bequest of the remainder of testatrix's estate to her executor, " to be expended by him " in Ireland for charitable purposes " as in his discretion will best meet my wishes," is not invalid by reason of the uncertainty of the persons designated us beneficiaries under the provisions of section 12 of the Personal Property Law and section 113 of the Real Property Law. Beneficiaries need not necessarily be confined to residents of this State.

Nor is the bequest invalid because it is indefinite and uncertain in its purpose, though the executor be free to select any charity, where the testator intended that only such institutions in Ireland, having public charitable purposes, should

receive the bequest, and where a charitable purpose pervades and dominates the entire will.

The Supreme Court is charged with seeing that the fund shall be devoted to charitable purposes and the executor should submit the charities to the court and obtain its consent before payments are made.

A further provision in said will bequeathing $1,000 to said executor to expend " in the manner which in his judgment will best further the development of the Irish Republic " is invalid, since it is a trust for political purposes rather than charitable purposes. Nor can it be construed to be a personal bequest to the legatee.

PROCEEDING for construction of will.

*William D. Sporborg [Walter G. Seeley* of counsel], for the executor.

SLATER, S.:

The executor asks for the construction of the will of the decedent dated January 17, 1923, and offered for probate on April 17, 1923. The 22d paragraph of the will reads: " All the rest, residue and remainder of my estate, I give, devise and bequeath unto my Executor hereinafter named to be expended by him for such charitable purposes as in his discretion will best meet my wishes. All of said rest, residue and remainder of my estate to be expended in Ireland for charitable purposes."

Two questions are raised. Is the bequest invalid by reason of the indefiniteness or uncertainty of the persons designated as beneficiaries? Is it invalid because it is indefinite and uncertain in its purpose?

The court has concluded that the bequest cannot be deemed invalid by reason of the uncertainty of the persons designated as beneficiaries by reason of the Tilden Act (Laws of 1893, chap. 701, as amd.), now incorporated in the Personal Property Law (§ 12) and Real Property Law (§ 113).

The beneficiaries need not necessarily or in terms be confined to residents of this State. (*Matter of Robinson,* 203 N. Y. 380, 389.)

In *Matter of Shattuck* (193 N. Y. 446) the entire gift was pronounced invalid on the ground that it was possible under the terms of the trust that it might be devoted in whole or in part to private use. In the instant case the trustee is free to select any charity. Under the *Shattuck* case it might be argued that he is free to select institutions organized for a private profit. The court in *Butterworth* v. *Keeler* (219 N. Y. 446) limits the *Shattuck* decision. It says: " The *Shattuck* case lays down no principle of large and general application. It defines the meaning of a particular will, and later cases have held that it must be limited to its special facts [*Matter of Robinson,* 203 N. Y. 380; *Matter of Cunningham,* 206 id. 601]."

46

Under the will before us the executor is to expend the funds for " such charitable purpose as in his discretion will best meet my wishes," and the estate is to be expended in Ireland for such " charitable purposes." In the instant case the gift is in terms to be used for " charitable purposes." This must be interpreted to mean such institution as is defined to be charitable.

It is my opinion that the intention of the testatrix is clear, and that the paragraph should be considered as if it contained in terms the direction that the institutions in Ireland to receive the funds should have general charitable uses and purposes. A charitable purpose pervades and dominates the instant will. It contemplates the use of the money for charitable purposes only. The testatrix had no other intent. A corporation cannot be selected as a beneficiary unless it accepts the gift as a charitable one. The Supreme Court has the power and is charged with the duty of seeing that the fund shall be devoted to charitable purposes. (*Matter of Cunningham, supra; Matter of Werner*, 181 N. Y. Supp. 433; *Stewart* v. *Franchetti*, 167 App. Div. 541; *Matter of Groot*, 173 id. 436; affd., 226 N. Y. 576; *Matter of Welch*, 105 Misc. 27; *Matter of Davis*, 77 id. 72; affd., 156 App. Div. 911.)

This construction would devote the fund to public charitable purposes permitted by law and to the good of humanity. The executor should submit the charities to and obtain the consent of the Supreme Court before payment is made to them.

The court is also asked to construe the 5th paragraph of the will, which is as follows: " I give and bequeath unto my Executor hereinafter named the sum of One Thousand ($1000.) Dollars and direct him to expend the same in the manner which in his judgment will best further the development of the Irish Republic."

This is a gift to the executor to expend a fund apparently for political objects. A trust for the attainment of political purposes has always been held invalid. It is not illegal to advocate or promote by any lawful means a change in the fundamental law, but the court has no means of judging whether a proposed change in the law will or will not be for the public benefit, and, therefore, cannot say that a gift to secure a change is a charitable gift. On the other hand, a bequest tending to encourage a change in the fundamental law of any nation of the world might very well and probably would be said to be against public policy. (Tyssen's Charitable Bequests [2d ed.], 116.)

It is the court's opinion that the 5th paragraph of the instant will is void, because it is not a gift for charitable purposes. It cannot be said that the bequest is a personal one to the legatee.

Submit decree in accordance with this opinion.