In the Matter of the Judicial Settlement of the Account of Proceedings of ADAM ALLENDORF and Another, as Executors of ALPHONSE BECK, Deceased.

Surrogate's Court, Bronx County, November 16, 1927.

Wills — construction — decedent gave residue of estate to trustee to be devoted, one-half to masses and other half for perpetual care of burial plot — half given for masses is gift for religious use and half for care of burial plot is for charitable and benevolent use (Personal Property Law, § 13-a, and Real Property Law, § 114-a) — account must show value of all assets of estate before determination can be made as to whether will violates Decedent Estate Law, § 17.

Decedent after giving general legacies of $5 to a son and $100 to a nephew and specific legacies of jewelry to some friends, gave all the rest of his estate to a trustee directing him to devote one-half thereof to masses and the other half for the perpetual care of decedent's burial plot. Since the half given for masses is a gift for a religious use and the half directed to be used for the burial plot is for a charitable and benevolent use (Personal Property Law, § 13-a; Real Property Law, § 114-a), a determination must be made as to whether or not there has been a violation of section 17 of the Decedent Estate Law in view of the fact that decedent left him surviving a son and a grandson.

Therefore, the value of decedent's real and personal property, as of the time of his death, must be fixed. From this is to be deducted his debts payable out of personalty. The value of the balance on hand then should be divided in half and the amount bequeathed for the purposes set forth in section 17 of the Decedent Estate Law is not permitted to exceed the one-half so ascertained. So much as then remains of the personalty and the realty is distributable and descends to the same persons who would have received it if the decedent had died intestate.

Since the account submitted herein sets forth the alleged assets of the estate, but does not give the value of the jewelry therein listed, no finding as to whether there has been a violation of section 17 of the Decedent Estate Law or decree of construction and distribution can be made until the account is corrected to show the value of all the assets of the estate.

PROCEEDING for accounting involving construction of will.

*Saul B. Ackerman,* for the executors.

*Anthony J. Griffin,* special guardian.

SCHULZ, S. In this accounting proceeding a construction of the last will and testament of the decedent is requested.

The document provides for general legacies of five dollars to

a son, and one hundred·dollars to a nephew, and specific legacies of jewelry to some friends. By the 6th paragraph, all the rest, residue and remainder of the decedent's estate is given, devised and bequeathed to a trustee, one-half thereof for the purpose of having masses said, and the other half to be used for the perpetual care, maintenance, etc., of the decedent's burial plot.

The petition and account, as amended, show that the decedent left him surviving a son and a grandson, and the question involved is whether or not there is a violation of the provisions of section 17 of the Decedent Estate Law (as amd. by Laws of 1923, chap. 301). This, so far as material, provides that " no person having a ＊ ＊ ＊ child or descendant ＊ ＊ ＊ shall, by his ＊ ＊ ＊ last will and testament, devise or bequeath to any benevolent, charitable, ＊ ＊ ＊ religious ＊ ＊ ＊ purpose, in trust ＊ ＊ ＊ more than one-half part of his ＊ ＊ ＊ estate, after the payment of his ＊ ＊ ＊ debts, and such devise or bequest shall be valid to the extent of one-half, and no more."

The half given for the purpose of having masses said is a gift for a religious use. (*Matter of Welch*, 105 Misc. 27; *Matter of Morris*, 227 N. Y. 141.) The half given to be used for perpetual care of the burial plot must be deemed to be for charitable and benevolent uses. (Pers. Prop. Law, § 13-a; Real Prop. Law, § 114-a; *Matter of Braasch*, 206 App. Div. 96, 101.)

In determining the amount of the estate for the purpose of ascertaining whether or not there has been a violation of section 17 aforesaid, the value of the decedent's real and personal property as of the date of his death must be fixed. From this is to be deducted his debts, payable out of personalty. The value of the balance on hand should then be divided in half, and the amount bequeathed for the purposes above set forth is not permitted to exceed more than the one-half so ascertained. (*Matter of Seymour*, 239 N. Y. 259; *Matter of Carnegie*, 203 App. Div. 91; affd., 236 N. Y. 517; *Matter of Brooklyn Trust Co.*, 179 App. Div. 262.) So much as then remains of the personalty and the realty is distributable and descends to the same persons who would have received it if the decedent had died intestate.

The account sets forth the alleged assets of the estate, but does not give the value of the jewelry therein listed, and while from its description it would appear that such value is not large, nevertheless it must be stated and must be considered in reaching a determination. No finding as to whether or not there has been a violation of section 17 and no decree of construction and distribution can be made until the account is corrected to show the value of all of the assets of this estate.