In the Matter of the Estate of BRIDGET CUNNINGHAM, Deceased.

Surrogate's Court, Bronx County, April 15, 1931.

*Bergman & Neff*, for the executor.

*Joseph J. Silver*, special guardian.

HENDERSON, S.  Legacies for the purpose of saying masses are general legacies for charitable purposes. (*Matter of Morris*, 227 N. Y. 141; *Matter of Beck*, 130 Misc. 765.)  Masses are not necessarily a part of the funeral services (*Matter of McAvoy*, 112 App. Div. 377), although to an amount, reasonable in comparison with the value of the estate, they may be included among the items credited for funeral expenses, if they are celebrated as an actual integral part of such service.  (Surr. Ct. Act, § 314, subd. 3.)  The testatrix directed the payment of $500 " for the conduct and expenses of my funeral."  The account discloses that the gross estate is $2,812.04 and that $498.20 has been paid for decedent's funeral.  To give preference to the legacies for masses as funeral expenses would be unreasonable and in violation of the expressed wishes of the testatrix as to the amount to be expended for her funeral.  I, therefore, hold that the two legacies " for the purpose of saying masses," bequeathed in the 3d and 4th paragraphs of the will, abate and are payable in the same proportion as the other general legacies, which together aggregate $3,300.  Settle decision and decree accordingly.