In the Matter of the Estate of ANNA M. BRECKWOLDT, Deceased.

Surrogate's Court, Kings County, May 22, 1941.

*Matthew W. Wood*, attorney *pro se*, executor, petitioner.

*John A. King*, for the residuary legatees.

*George V. Grainger*, for the Redemptorist Fathers of New York, renouncing legatee.

*George A. Arkwright,* special guardian for Margaret Flannery, infant legatee.

*Smith & Reiher,* for St. Vincent's Home, etc., legatee.

*Gray & Tomlin,* for the Roman Catholic Diocese of Brooklyn and others, legatees.

*John J. Bennett, Jr., Attorney-General,* for the People of the State of New York.

WINGATE, S. Prominent in the enumeration of potentially controversial issues in a proceeding for testamentary interpretation and adjudication is that which relates to the nature and proper classification of a legacy for the holding of religious ceremonials such as jahrzeit in the Jewish, and masses in the Roman Catholic, faiths.

Questions of this variety have arisen in many ways, perhaps the most frequent being the issue as to whether such gifts are entitled to a statutory preference in payment as a funeral expense under section 216 of the Surrogate's Court Act. In this connection, the substantially uniform determination has been in the negative. (*Matter of McAvoy,* 112 App. Div. 377, 378; *Matter of Black,* 1 Conn. Surr. 477, 478; *Matter of Welch,* 105 Misc. 27, 28; *Matter of Beck,* 130 id. 765, 766; *Matter of Smallman,* 138 id. 889, 894. See, also, *Matter of May,* 160 id. 497, 500; affd., 255 App. Div. 31.) In *Matter of McAvoy (supra)* it was said that " a mass is not peculiarly a part of a funeral service like unto the office for the dead. It is a sacrament of the eucharist, and a low mass is one said and not sung. (Cent. Dict.) In the religion of the Holy Roman Church masses are celebrated for the good of those who are dead, but in no sense is a mass so celebrated necessarily a part of the funeral service." This conception is supported by the enumeration in subdivision 3 of section 314 of the Surrogate's Court Act which lists the various items classifiable as funeral expenses but fails to include such memorial services.

It is a matter of frequent observation that legacies of this variety commonly fail to name an identified donee but customarily make a mere direction that a specified sum should be expended for the saying of masses or jahrzeit. Such a direction was attacked in *Matter of Morris* (227 N. Y. 141, 144), it being asserted that the direction was void for indefiniteness. This was overruled with the statement that " Masses are religious ceremonials or observances of the church of which she was a member, and come within the religious or pious uses which are upheld as public charities." (See, also, *Matter of Werrick,* 135 Misc. 876, 877; *Matter of Welch, supra,* 28; *Matter of Beck, supra,* 766.)

The suggestion that a gift of this variety partakes of the nature of a " public charity " naturally precipitates the question as to

whether it is to be included in the aggregate of charitable gifts under a will for the purpose of determining whether its composite provisions offend against the inhibition contained in section 17 of the Decedent Estate Law, which provides that testators who are survived by certain specified close relatives may not give more than one-half of their net estates to charity if such relatives object to such a course. In every instance in which this issue has been raised, the determination has been in the negative. (*Matter of Zimmerman*, 22 Misc. 411, 413, 414; *Matter of Rywolt*, 81 id. 103, 104; *Matter of Brown*, 135 id. 611, 612.) This result appears sound. Whereas such a gift may be made to a religious society it is not for a general religious purpose since its object is not to promote religion as a whole, but, as is stated in the *McAvoy* case (*supra*), according to the tenets of the Roman Catholic and Jewish faiths, to secure for the testator a particular individual benefit, by promoting the eternal welfare of his soul.

The final potential issue in the series is that which is here propounded, namely, if such a gift is made to an identified donee and the latter declines the legacy, whether it is capable of validization pursuant to the provisions of section 12 of the Personal Property Law. This enactment, so far as presently pertinent, provides that " no gift, grant, or bequest to religious, educational, charitable or benevolent uses, which shall in other respects be valid under the laws of this State, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same." As a matter of first impression and in the absence of controlling authority, this court would be of the opinion that this direction could not properly be deemed to fall within the terms of this statute. The varieties of gifts generally considered to be within its description are those which contemplate a general benefit to mankind or to an indefinite but appreciable segment thereof; in other words, those which evince a general charitable and benevolent purpose for the advancement of the public welfare. (See *Matter of Robinson*, 203 N. Y. 380; *Matter of Cunningham*, 206 id. 601; *Matter of Frasch*, 245 id. 174; *Matter of Durbrow*, Id. 469.) In the present instance no general benevolent conception is involved; no benefit to the public as a whole was intended.

Despite this feeling, the court deems itself bound by the decision in *Matter of Morris* (*supra*, 143), hereinbefore noted. The question there litigated concerned the validity of a residuary trust " to pay funeral expenses, say masses and put a modest tombstone over my remains." It was held that despite the fact that no beneficiary of the trust for masses was named, the bequest would be validated

by application of the *cy pres* doctrine. If this doctrine is applicable to such a gift in the absence of a named beneficiary which is established by this decision, it is applicable for all purposes including the situation here present in which the named donee has declined to accept the gift on the conditions imposed.

Accordingly, the court determines that the legacy under the " Sixth " item of the will constitutes a valid gift for religious uses within the connotation of section 12 of the Personal Property Law. Since the donee has declined to accept, it becomes the duty of the executor and the court to apply it to an object which, so nearly as conditions will permit, will effectuate the intentions of the testatrix. The court will entertain suggestions of the parties respecting the proper method of accomplishing this object.

Proceed in conformity herewith.