In the Matter of the Accounting of WILLIAM COPPERS, as Executor of JOSEPH W. NOLAN, Deceased.

Surrogate's Court, Westchester County, August 28, 1950.

*William C. Casey* for executor, petitioner.

GRIFFITHS, S. It appearing that the assets of this estate are insufficient to satisfy all legacies in full, it is necessary to determine the nature of the various bequests contained in the will.

By paragraph " third " of the will, the testator bequeathed the sum of $150 to a named church and directed that said sum be used for the purpose of having masses said " for the repose of the souls of the members of the Nolan family." By paragraph " fourth " he bequeathed a like sum to the " Catholic Foreign Missions of Ossining, New York " for the purpose of having " Gregorian masses said for the repose of my soul."

The executor contends that the gift for masses for the repose of the soul of the testator is a " funeral expense " and as such is preferred under section 216 and subdivision 3 of section 314 of the Surrogate's Court Act. The statutory definition of funeral expenses includes a reasonable amount expended for " suitable church or other services ". (Surrogate's Ct. Act, § 314, subd. 3.) " A mass is not peculiarly a part of a funeral service like unto the office for the dead." (*Matter of McAvoy,* 112 App. Div. 377, 378. See, also, *Matter of Breckwoldt,* 176 Misc. 549.) Unless, therefore, masses are celebrated as an actual integral part of the church service, a bequest for such purpose is not preferred as a funeral expense. (*Matter of Cunningham,* 140 Misc. 91.) No proof has been adduced to establish that

the fund in question was actually used for such purpose and the express direction contained in paragraph " first " of the will for the payment of funeral expenses " as soon as possible after my death " negatives any such intent of the testator. The court concludes that the gift in question, as well as the bequest under paragraph " third ", are general legacies for charitable purposes (*Matter of Morris,* 227 N. Y. 141) and are therefore not entitled to a preference.

·Paragraph " fifth " of the will reads as follows: " Fifth: I give and bequeath unto MADELINE V. NOLAN, ten (10) shares of American Telephone and Telegraph Company stock, now owned by me, in trust, nevertheless, for my nephew TIMOTHY A. NOLAN and my niece, MARY JANE NOLAN, and direct that said Madeline V. Nolan, as such trustee, shall transfer five (5) shares to each of them when they arrive at the age of twenty-one years and I further authorize and direct my trustee, Madeline V. Nolan, to expend the income from said stock for the support and maintenance of my nephew, Timothy A. Nolan and of my niece, Mary Jane Nolan, and I further direct my said trustee, Madeline V. Nolan, to sell any of said stock, if it is necessary to properly support and educate my said nephew, Timothy A. Nolan and my said niece, Mary Jane Nolan."

It is undisputed that the legacy in trust of ten shares of stock is specific. (*Tifft* v. *Porter,* 8 N. Y. 516; *Crawford* v. *McCarthy,* 159 N. Y. 514.) However, the decedent died possessed of only eight shares of said stock. The legacy in trust was therefore adeemed to the extent of two shares. (*Matter of Brann,* 219 N. Y. 263; *Ametrano* v. *Downs,* 170 N. Y. 388; *Matter of Smallman,* 138 Misc. 889.) The named income beneficiaries and remaindermen of said trust would each be entitled to the income of one half thereof, or four shares, during minority and delivery of such shares on attaining the age of twenty-one years. Since one of the beneficiaries predeceased the testator, his legacy lapsed and therefore constitutes a part of the residuary estate disposed of under paragraph " tenth " of the will. The legacies under such residuary clause, including the lapsed one, must be abated in full before any abatement of general and specific legacies under the will. (*Matter of Crouse,* 244 N. Y. 400.)

Submit decree accordingly.