A. Page Smith, S.
The executor of the will of Bernard Connolly, deceased, having filed its final account, requests as an incident thereto directions as to whom payment of one half of the residue should be made under paragraph “ sixteenth ” of the will, which is the residue clause. This clause provides: “ All the rest, residue and remainder of my estate, real and personal and wheresoever the same may be situate, I hereby direct my executor to divide into two (2) equal parts and I hereby give, devise and bequeath one (1) of said equal parts to the pastor of St. Mary’s Catholic Church, on Fremont Street, Gloversville, New York with the request that he say requiem Masses, weekly or at his discretion, for the repose of my soul; and the remaining equal part of my residuary estate, I hereby give, devise and bequeath to the pastor of St. Patrick’s Catholic Church, on the corner of Glebe Street and Clinton Avenue, Johnstown, New York with the request that he say requiem Masses, weeldy or at his discretion, for the repose of my soul.” At the time of the decedent’s death, Rev. Paul F. Flynn was pastor of St. Mary’s Catholic Church of Gloversville and still holds that position. At St. Patrick’s Church of Johnstown, however, Rev. Edmund F. Gibbons was pastor at the time of Mr. Connolly’s death but died February 10, 1963 before this estate could be distributed. Rev. M. Kenneth Doyle is now pastor of St. Patrick’s Catholic Church of Johnstown. The executor wishes instructions as to how the legacy to “ the pastor of St. Patrick’s Catholic Church ’ ’ should be paid.
Father Gibbons by his will bequeathed all of his residuary estate to the Marvknoll Fathers, a Roman Catholic religious *674 order, composed largely of Roman Catholic priests. The executor of his will claims that the legacy to the pastor of St. Patrick’s Catholic Church vested in Father Gibbons by reason of his being pastor at the time of the death of Bernard Connolly and that under the residuary clause of his will, the legacy will go ultimately to the Maryknoll Fathers who will in turn say the masses which the deceased wanted and the purpose of the legacy would thus be carried out.
The first question to be determined therefore is what interest, if any, Father Gibbons acquired in the legacy of one half of the residue by reason of his having survived the testator ? Unless the legacy vested in him upon Bernard Connolly’s death, his estate would have no interest in it. In 1898, the Surrogate of Erie County held that a legacy “ to the priest of St. Mary’s Church of Lancaster, New York ” for the purpose of masses, was a gift to the priest individually and was not for a religious purpose. There are other earlier cases to the same effect. This doctrine, however, was changed by a decision of the Court of Appeals in Matter of Morris (227 N. Y. 141, 143). There it was held that a legacy to the executor of the will of the deceased “ to pay funeral expenses, say masses and put a modest tombstone over my remains ’ ’ constituted a charitable trust. This holding has been followed since in similar cases. (Matter of Liebeck, 9 Misc 2d 958 and cases cited therein.)
Proof was introduced in this case that a legacy to a priest for the saying of masses would be under the control and supervision of the church and administered for the purposes for which it was given and that the priest could have no personal interest in the fund.
Had Father Gibbons lived he would have been entitled to receive one half of the residue of this estate, in trust, as pastor of St. Patrick’s Catholic Church for the saying of masses. His death before payment could be made by the executor, however, terminated any interest he had as trustee, (Matter of Beaumont, 54 N. Y. S. 2d 581.)
. In accordance with prior decisions in similar situations it is the determination of this court that payment of one half of the residue should be made to the present pastor of St. Patrick’s Catholic Church of Johnstown to be used for the purposes expressed in decedent’s will and the decree on final account should so provide.