William J. Began, S.
This is a judicial settlement of an insolvent estate. In order that funeral and administration *868 expenses and preferred debts be paid it will be necessary that general legacies abate.
There are nine general legacies in varying amounts. One of these is, “ (I) To the Pastor of the Church of the Assumption at Lancaster, New York (commonly known as St. Mary’s Roman Catholic Church) the sum of One Hundred Dollars ($100.00) for Masses for the repose of my soul. ’ ’ The question has been raised as to whether this bequest is a preferred legacy entitled to a statutory preference as a funeral expense. Warren’s Heaton, Surrogates’ Courts (vol. 4B, § 406, par. 11): “ (a) Legacies for masses. Where a testator bequeaths a stated sum to a named church or makes such a provision in his will directing that in the named church or in a church to be selected by the executor masses be said for the repose of the souls of the members of the testator’s family and for 'his own soul, these legacies may be preferred as funeral expenses and as such entitled to preference of payment under section 1811 of the Surrogate’s Court Procedure Act.”
It would appear, however, that the testator’s intent be made manifest that this preference was intended.
There are cases, however, imposing limitations upon this. In one the court held that unless the mass celebrated was an actual integral part of a church .service it could not be accorded the preference as a funeral expense but was a general legacy for charitable purposes not entitled to preference. (Matter of Nolan, 198 Misc. 979.)
Most cases follow the Nolan case. “ A mass is not peculiarly a part of a funeral service like unto the office for the dead.” (Matter of McAvoy, 112 App. Div. 377, 378; Matter of Breckwoldt, 176 Misc. 549.)
Unless, therefore, masses are celebrated as an actual integral part of the church service, a bequest for such purpose is not preferred as a funeral expense. (Matter of Cunningham, 140 Misc. 91.)
SOPA 103, “ Definitions ”, (22): “ Funeral expense includes reasonable expense of a funeral, suitable church or other services as an integral part thereof, expense of interment or other disposition of the body, the burial lot and suitable monumental work thereon and a reasonable expenditure for perpetual care of a burial lot of the decedent.”
In the case before us the bequest for masses was the ninth in a list of other bequests and we can find no intent by testator that it should be considered as part of the funeral expenses.
The decree of judicial settlement may embrace this decision.