Margaret Barfield KANE et al.,
Plaintiffs-Appellants,

v.

The MERCANTILE TRUST COMPANY NA-
TIONAL ASSOCIATION, a corporation,
Executor of the Will of Josephine B. Jones,
and The Mercantile Trust Company Na-
tional Association, a corporation, Trustee
of the Trust of Josephine B. Jones, De-
fendants,

and

Cardinal Glennon Memorial Hospital for
Children, a corporation, and Shriners Hos-
pital for Crippled Children, a corporation,
Defendants-Respondents.

No. 57108.

Supreme Court of Missouri,
Division No. 2.

Sept. 9, 1974.

Tyree C. Derrick, Ronald A. McClary and William L. Weiss, St. Louis, for appellants.

Thompson & Mitchell, John H. Stroh, St. Louis, for respondent Shriners Hospitals for Crippled Children.

Bernard J. Huger, St. Louis, for respondent The Cardinal Glennon Memorial Hospital for Children.

STOCKARD, Commissioner.

This suit invokes a contest of the validity of the Will of Josephine B. Jones. After a previous opinion was adopted a rehearing was granted and the case resubmitted.

■ Plaintiffs' petition was in two counts and was filed on September 10, 1970, naming the corporate executor and two hospitals as defendants. On December 3, 1970, the two hospitals filed a joint motion to dismiss Count I of the petition, which pertained to the contest of the will, on the ground that plaintiffs failed to secure and complete service of process on all necessary parties defendant within ninety days following the filing of the petition. After a hearing, Count I was dismissed and this appeal followed. Appellate jurisdiction is in this court because the will purports to convey real estate, Cole v. Smith, 370 S.W.2d 307 (Mo.1963), and the notice of appeal was filed prior to January 1, 1972.

The statute (§ 473.083(4), RSMo 1969, V.A.M.S.), upon which the hospitals rely is as follows:

"In any such action [to contest the validity of a will] the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant, duly served upon the petitioner of his attorney of record, in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed by the circuit court at the cost of the petitioner."

In Doran v. Wurth, 475 S.W.2d 49 (Mo. 1971), this court ruled that "the General Assembly intended, by its amendment of the 'will contest' statute [to provide as set out above], that, absent good cause for failure, *all necessary* party defendants be *named* and served within the prescribed period."

One of the provisions of the will was as follows: "I direct that my executor give to the pastor or acting pastor of the New Cathedral Church located at Newstead Avenue and Lindell Boulevard in St. Louis, Missouri, the sum of $500.00 for masses to be said for the repose of my soul." It is admitted that the testatrix meant the St. Louis Catholic Cathedral located at 4431 Lindell Boulevard, and that the Reverend Roland Gannon is and has been for some time the pastor of that Cathedral.

The decisive question in this case is whether under the circumstances the unnamed but identified pastor of the St. Louis Catholic Cathedral was a necessary party to the will contest suit who had to be named as a defendant, either as identified in the will or by name, and served within ninety days after the petition was filed.

■■ A legatee is a necessary party to a suit to set aside a will, Cole v. Smith, 370 S.W.2d 307 (Mo.1963). The term "legatee" is statutorily defined to be "a person entitled to personal property under a will," § 472.010, RSMo 1969, V.A.M.S., or as stated in Desloge v. Tucker, 196 Mo. 587, 94 S.W. 283 (Mo.1906) a legatee is "a person to whom a legacy is given" and a legacy is "a bequest or gift of personal property by last will and testament." In

this case the pastor (as subsequently noted, as trustee) is entitled to receive as a gift personal property by reason of the provisions of the will. Therefore, he is a legatee.

Appellants argue that there was in fact no bequest to the pastor of the Cathedral because the provision in the will was one of direction to the executor, and not a gift to the pastor. We do not agree. The language used clearly demonstrates an intention on the part of the testatrix that from her estate $500 should be turned over to the pastor for the designated purposes. This was as effective as a bequest as though she had said, "I give and bequeath" to the pastor $500 for the saying of masses. We see no difference in the effect of the language.

Appellants also rely on Minturn v. Conception Abbey, 227 Mo.App. 1179, 61 S.W.2d 352 (Mo.App.1933). It was there held that a provision in a will by which the testator gave property to the Conception Abbey "for pious use [admitted to be for the saying of masses] for myself, my deceased wife and my deceased daughters" did not constitute an individual bequest to the Abbey, but was a charitable trust. Appellants' position is that the provision in the will now before us did not result in an individual gift to the pastor but created a charitable trust, and for that reason the pastor was not a legatee and was not a necessary party. We agree that bequests as here made create a charitable trust, and it is universally so held. See In re Nolan's Will, 198 Misc. 979, 99 N.Y.S.2d 622 (1950); In re Morris v. Edwards, 227 N. Y. 141, 124 N.E. 724 (1919); and 96 C.J.S. Wills § 1164b. However, if the provision here creates a charitable trust, and we think it does, the pastor is the trustee, and as such he is a necessary party. Clark v. Crandall, 319 Mo. 87, 5 S.W.2d 383 (1928). Compare Murphey v. Dalton, 314 S.W.2d 726 (Mo.1958).

Appellants also argue that if the pastor is to be held to be a necessary party, then "so should the United States government, the State of Missouri, or any other government that might have a claim for taxes," and "all other parties to whom the executor is charged with the duty of paying money or obtaining services." This does not necessarily follow. Taxes and debts are obligations of the estate *dehors* the will. They exist and must be paid whether or not there is a will, and a direction in a will that the executor pay them adds nothing to the rights of the taxing authority or the creditors. We are not certain what is intended to be included in the phrase "all other parties to whom the executor is charged with the duty of paying money," but if it refers to a payment in the form of a bequest, the duty to pay or the right to receive, depends upon the validity of the will, and those who are to receive are necessary parties to a will contest suit.

Appellants also rely on a statement in Frederick v. Brown, 102 Ohio App. 117, 141 N.E.2d 683 (1956). In that case there was a bequest, as stated in the opinion, "to the unnamed pastor of [St. Marys Catholic Church] for the purpose of Masses for the repose of the soul of the testatrix." The court first stated that the issue of whether the pastor was a necessary party had not been preserved for appellate review, and then stated: "Apparently, the plaintiffs treated this clause of the will as merely a direction by the testatrix to the executor to expend this amount, the sum of $100, as a stipend or compensation for a religious service to be performed by the pastor for her, and did not consider the unnamed pastor of the church a legatee in the sense that he was a necessary party requiring service of summons. We are in accord with this position." There is no further explanation in the opinion, and the question of whether the bequest constituted a charitable trust apparently was not considered. We do not regard this statement, in the form of dicta, to be persuasive in view of what we consider to be the established law of this state.

Appellant next contends that the rule announced in Minturn v. Conception Abbey, supra, "was *stare decisis* at the time and it was good cause for not joining the unnamed pastor as a party defendant." Apparently, the "rule" relied on is the statement that "The interest that the Abbey has in the bequest, as trustee, is not sufficient to make it a beneficiary under the will in any substantial sense." This statement was made in connection with the issue of whether there was substantial evidence of undue influence. Appellant argues that by "Applying that principle to these facts, it would certainly show that the priest [pastor] was not a legatee under the will." In the Minturn case the Abbey was named as a party. Therefore, the issue of whether it, as trustee, was a necessary party was not before the court. But, in the Minturn case the Abbey was recognized to be a trustee, and as previously noted, a trustee of a charitable trust is a necessary party in a will contest suit.

As stated in Doran v. Wurth, 475 S.W. 2d 49 (1971), the General Assembly " 'declared the policy of this state to be that a contest of a will admitted to probate shall be expeditiously prosecuted or not at all * * *.' " The right of the pastor, as trustee, to receive the $500 depends on the validity of the will. Therefore, all necessary parties were not named and served within the statutorily prescribed period, and we, as did the trial court, do not find the existence of good cause in failing to do so.

The judgment is affirmed.

HOUSER, C., dissents.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.